Pearson, J.
 

 His honor charged,
 
 “
 
 that where the execution of a sealed instrument was proved, the law inferred that it was just, and founded upon a just consideration.” In this, there is error.
 

 We are not aware of any rule of law, by which a consideration is inferred from the fact of the execution of a sealed instrument. No consideration is necessary, in order to give validity to a deed. It derives its efficacy from the solemnity of its execution — the acts of sealing and delivery , not upon the idea, that the seal imports a consideration, but because it is his solemn
 
 act
 
 and
 
 deed,
 
 and is therefore obligatory. No consideration being necessary to give validity to a deed, it follows, that the law does not, from the fact of execution, make any inference one way or the other in reference to a consideration. A misapprehension of this subject may have arisen from the fact, that, in deeds of conveyance, operating under the statute of uses, either a valuable or a good consideration is necessary, in order to raise the use. But the general rule is, a deed is valid without a consideration. A voluntary bond for money, executed to a stranger, and professing, on its face, to be without consideration, and for mere friendship, is binding.
 

 Another view may be taken of the case. The defendant annexed to the promise, which is .relied on to rebut the presumption of payment, two conditions precedent. First, Proof of his handwriting. Secondly, Proof of its being a
 
 *337
 
 just note. But his Honor put the case to the juiy in such a way, as entirely to exclude the second condition and deprive the defendant of all benefit from it. He had as much right to the benefit of the second condition, as of the first, and might well insist upon proof of the justness of the note; as, for instance, that it should be proven, what it was given for, the circumstances under which it was given, &e., so as to show that it was not obtained by fraud or surprise, and was in fact a “just note.” The promise is expressed in these words, “I will pay it, if you will prove that it is my handwriting, and
 
 is a just noteP
 
 By a proper construction, the latter condition may have reference to the present, as well as the past. If so, the defendant had a right to insist, not only upon proof, that the note was just in its Inception, but continued to be just — that is, had not been paid. The matter will then stand thus: although the note was duly executed, the law presumes, that it has been paid ; and at the same time, according to the charge, the law, from proof of its execution, infers, that it
 
 is
 
 j ust — that is, has not been paid; which inference is inconsistent and repugnant. This question of construction is not adverted to by his Honor, although it is presented by the exceptions. But it is said, according to this construction, the promise amounts to nothing. That may be so; and if so, it only shows, that the defendant was cautious, and was careful to require proof sufficient to rebut the presumption of payment, which the law made in his favor.
 

 Per. Curiam. A
 
 venire de novo
 
 awarded.