JOHN J. RILEY, plaintiff in error, vs. JAMES E. MARTIN, defendant in error.

The Deputy Marshal of the State, having in his hands an execution issuing from the District Court of the United States, in favor of A—against B—levies the same on the property of C, which he sells, and appropriates the proceeds to A, the plaintiff. *Held*, that an action of Trover will lie at the instance of C, against the Deputy Marshal, to recover the value of said property, with the interest thereon.

When slaves are wrongfully converted, previous to emancipation, the plaintiff is entitled to recover the value thereof.

Trover. In Bibb Superior Court. Tried before Judge COLE. May Term, 1866.

This action was brought by Martin, the defendant in error, against Riley, the plaintiff in error, for the conversion of a negro slave named Jack.

At the trial, the plaintiff declared his option to take a verdict for the value of the negro, not for the negro himself.

The case made by the evidence was substantially as follows :

The negro was sold in 1858, by John Martin to the plaintiff below, James E. Martin, for $900.00. A bill of sale was made, and the purchase money paid, but the negro remained in the possession of John Martin. Afterwards, John Martin acted as the agent of .James E. in a copartnership bar room business, the other partner being one Joseph A. Boon. He also, as the agent of James E., hired the negro to Boon, or rather, it would seem, Boon took an interest ot

one-half in the negro's services for about five months, and paid one-half his wages.

While the possession was in John Martin and Boon, the negro was levied upon as the property of John Martin, by Riley, the plaintiff in error, as Deputy Marshal of the District Court of the United States, by virtue of an execution from that Court, against John Martin and Lindsey H. Durham. Durham having, to save his own property from levy, pointed out the negro to Riley and the Attorneys for the plaintiffs in execution, to be levied upon, and having also given to Riley, to indemnify him, a mortgage upon negroes.

Under this levy, the negro Jack was sold on the 8th of August, 1860, by Riley, as Marshal ; and was purchased by James E. Martin, the defendant in error, and the purchase money ($1.000.00,) was paid by the latter to the former, and by the former to the Attorneys for the plaintiffs in execution. The value of Jack, at that time, was about $800 or $1.000.

The Court was requested by Riley's counsel, to charge as follows :

1st. That the defendant, having in levying upon the negro Jack, acted as Deputy Marshal of the District Court of the United States, under instructions of the plaintiff in execution, by virtue of a fi. fa. in his hands, issued upon a subsisting judgment obtained in said Court, his levy and seizure of the negro was not a tort, and he was not guilty of a conversion ; and therefore, the plaintiff is not entitled to recover in this action.

2d. That the slave, Jack, having been emancipated by the action of the Federal Government, the loss of the slave fell upon the owner : That the plaintiff's right to recover in Trover depends upon his title ; and if the jury believe that the evidence established title in the plaintiff to the negro Jack, he could not recover his value, and they would find accordingly.

These charges the Court declined to give ; but instructed the jury that in this case, the levy and possession of the ne-

gro by defendant was a conversion, and would authorize the plaintiff to recover the value of said negro, if they believed, from the evidence, that the plaintiff owned the negro, and that such levy was made, and defendant took possession of him. Also, that if the jury believed, from the evidence, that the plaintiff was the owner of the negro, and that the defendant levied upon and took possession or control of him, and that his value was also proven, the plaintiff was entitled to recover his value, with interest thereon from the time of the conversion, and they would find accordingly.

The jury found for the plaintiff one thousand dollars, with interest from August 8th, 1860.

It is now alleged that the Court erred in refusing to charge as requested, and in the charge as given.

E. A. & J. T. NISBET, for the plaintiff in error.

WHITTLE for defendant.

LUMPKIN, C. J.

Riley, as Deputy Marshal of the State, levied an execution from the District Court of the United States, upon a negro, as the property of John Martin, as defendant in execution. Riley takes the negro into his custody, sells him, and appropriates the proceeds to the plaintiffs in fi. fa. The defendant in error brought Trover against Riley, to recover the value of his property thus taken under an execution against John Martin. The Marshal was induced to make this levy by Durham, the security of John Martin, giving him a mortgage to indemnify him for so doing. Emancipation has rendered this security valueless. But is this a sufficient reason to justify Riley in thus using an execution to sell the property of James E. Martin? The conversion of Riley being previous to emancipation, he, of course, must pay the value of the negro. James E. Martin, having re-

purchased the negro at the Deputy Marshal's sale, he, of course, loses the negro by freedom ; and Riley the benefit of his mortgage taken from Durham.    So that manumission is not only a *two-edged* sword, but rather like the flaming sword placed at the East of the garden of Eden, at Adam's expulsion, *turning every way* towards the community.

Judgment affirmed.