CHARLES COOK, plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF THE CITY OF MACON, defendant in error.

A municipal corporation is not liable to an action for damages for the illegal arrest of a citizen by one of the police officers of the city. For such arrest the officer is himself liable.

Municipal corporations. Damages. Officers. Before Judge HILL. Bibb Superior Court. April Adjourned Term, 1874.

Cook brought case against the Mayor and Council of the City of Macon for $20,000 00 damages, alleged to have been sustained by reason of his illegal arrest by a police officer of said city. The defendant pleaded the general issue. A verdict was returned for the plaintiff for $500 00. The defendant moved for a new trial because the verdict was illegal, in this, that a police officer appointed by a city is not its agent or servant so as to render it responsible for his unlawful and negligent acts in the discharge of his duty as such police officer.

The motion was sustained, and the plaintiff excepted.

WHITTLE & GUSTIN; R. W. STUBBS, for plaintiff in error.

HILL & HARRIS; R. W. JEMISON, for defendant.

McCAY, Judge.

Whilst it must be admitted that the authorities on the subject of how far and under what circumstances a municipal corporation is liable for the acts of its agents, are not uniform

or satisfactory, yet we think it will be found that the current of the authorities is almost uniform that it is not liable for a trespass or assault by a police officer.   If he has authority to arrest, then nobody is liable, if he has not, then he is acting wilfully on his own responsibility, and in such cases the rule of *respondeat superior* does not apply.   But the authorities place this kind of a servant on special grounds.   He is a peace officer; his duties do not lie in the line of the special private duties or rights of the corporation, but they are duties connected with the public peace in which the state is interested, and in a very wide sense he is a state officer; many of his duties are duties connected with the prevention and punishment of crime: See Dillon on Municipal Corporations, sections 33, 34, 149, 773; and as to such officers, the ruling is almost universal that the corporation, though it appoints them, is not liable for *torts* committed by them : 1 Allen, 172, 417; 31 Maryland, 462; 31 Alabama, 469; 9 La. An., 461; 17 Gratt, 375.   For these reasons we affirm the judgment.

Judgment affirmed.