WALDROP *et al. v.* ALMAND *et al.*

An officer who levies an execution founded on a general judgment upon personal property in the custody of the defendant therein, with notice that her children are the owners and that the apparent possession of the mother is really their possession, is liable to the children in an action for damages; and the plaintiff in execution is also liable for causing the levy to be made, with like notice on his part.    *Jones* v. *Lamon*, 92 *Ga.* 529, 18 S. E. Rep. 423. July 16, 1894.                                           *Judgment reversed.*

Action for damages.    Before Judge RICHARD H. CLARK. Rockdale superior court.    October term, 1893.

Almand had an execution against Mrs. Waldrop, and placed it in the hands of Boyd, a constable, with direction to levy on a mare, colt and buggy on Mrs. Waldrop's place.    Boyd did so, being informed at the time of levy that the property did not belong to her but to plaintiffs, her children, who would hold him and Almand to account for the trespass.    He made the levy, and plaintiffs interposed claims and gave forthcoming and damage bonds.    Before the trial of the claim cases, Almand caused the levies to be dismissed.    Plaintiffs brought their actions for damages against Almand and Boyd; both cases were tried together, and verdicts were rendered for defendants.    Plaintiffs moved for a new trial, and the motions were overruled.    It appeared,

among other things, that plaintiffs, Mrs. Waldrop and
her daughter all lived together on her land which plain-
tiffs had rented from her for the year in which the levy
was made. One of plaintiffs was then a minor; the
other had attained his majority. The court charged the
jury, among other things, that the constable had the
right, without incurring any damages, to levy on prop-
erty in possession of the defendant in execution; and
that if, under the facts, the constable was authorized to
believe that whatever was on the place was in her pos-
session, he would have the right to levy upon it with-
out liability in damages.

J. N. GLENN and A. C. McCALLA, for plaintiffs.
A. M. HELMS and G. W. GLEATON, for defendants.