## 2153.　SOUTHERN RAILWAY COMPANY *v.* JONES.

1. There was no error in refusing a new trial.
2. Railroad companies have the right to exact the train rate from passengers who, without good and sufficient reason, have failed to purchase tickets, and the consequent right to eject one who refuses to pay the train rate.　But the conductor or other agent of the railroad company who passes upon the merits of the excuse offered by the passenger for not having provided himself with a ticket, or refuses to hear the excuse, does so at the peril of the company.
3. One who boards a train intending to pay for his passage therein is not a trespasser, even though he be in error as to the amount due for his fare.
4. The defects in portions of the charge upon which error is assigned are cured by fuller instructions in other parts of the general charge.
5. The evidence in behalf of the railway company would have authorized the jury to relieve it from liability, but the plaintiff's evidence in conflict therewith authorized the verdict rendered in his favor.

DECIDED SEPTEMBER 20, 1910.

Action for damages; from city court of Baxley—Judge Parker. September 11, 1909.

*J. B. Moore, J. F. DeLacy,* for plaintiff in error.

*Padgett & Watson,* contra.

RUSSELL, J. The plaintiff brought a suit against the Southern Railway Company for damages, alleging, that he endeavored to buy a ticket from Baxley to Prentiss; that he went to the depot twenty minutes before the train was due to arrive, for the purpose of purchasing a ticket, and looked in the ticket office for the agent, but the door was closed and no one was there to sell him a ticket; that after waiting for some time, and no agent being yet in sight, and the train approaching, he went to the point on the railroad where passengers were accustomed to enter the trains of the defendant, and boarded the train upon its arrival; that when the conductor or auditor came for his fare, he handed him ten cents, and told him he wanted to go to Prentiss, this being the ticket rate for passage to that place; that the conductor demanded fifteen cents in addition, because he had not bought a ticket; that he endeavored to explain to the conductor the reason why he had not bought a ticket, but this agent of the company would not hear his explanation, and instead told him in rough and insulting language that he would either have to pay the fifteen cents additional or get off the train; that he endeavored to explain to the conductor why he had no ticket, but the conductor refused to hear any explanation, and in a very insulting manner led him to the platform, and, after having checked the speed of the train considerably, but before the train was stopped, ordered him to get off or accept the consequences; that not wishing to be kicked off the train, he endeavored to get off; that the place at which he disembarked was unsuited for that purpose, the ground being some distance from the steps of the coach, and when he got off he slipped or fell from the step, and skinned and bruised his leg. He alleged special damages in the sum of $5, paid a physician for treating his wounds; and he asked for damages for the pain and anguish inflicted upon him, and also vindictive damages for the humiliation he suffered in being publicly and wrongfully ejected from the train in the presence of acquaintances and friends.

1. The plaintiff's evidence did not make out quite as strong a case as was depicted in his petition, but in the main his testimony proved the case as laid. The charge of the court, considered as a whole, clearly presented the respective rights and duties of the

plaintiff and the defendant in such a case. There appears to have been no error in the trial which could have caused the verdict to be for the plaintiff instead of for the defendant. Consequently we find no error in the judgment overruling the motion for a new trial.

2. Several special assignments of error are based upon extracts from the charge of the court. We will merely say, in regard to the 3d special ground of the motion for new trial, to the effect that the judge's instruction upon the subject of contributory negligence was inapplicable to the facts in the case and liable to confuse the jury, that even if this instruction was erroneous, it was manifestly not harmful to the plaintiff in error. The instruction might have had the effect of reducing the finding in favor of the plaintiff, but inasmuch as the court instructed the jury that the plaintiff was not entitled to recover at all, unless he had used reasonable diligence in endeavoring to procure a ticket, and as the evidence nowhere pointed to any contributory negligence on the part of the plaintiff, it is evident that this instruction was not the cause of the jury finding for the plaintiff instead of for the defendant. It is alleged that this charge was error "because the judge failed to charge in the language of the rule of the railroad commission of Georgia, that the plaintiff should have exercised reasonable diligence to procure a ticket before boarding the train, and because the judge failed to charge the jury that it was the duty of the plaintiff to exercise reasonable diligence to procure a ticket." The instruction complained of is as follows: "I charge you further, that one who, without having provided himself with a ticket, may be compelled to pay fare at the train rate instead of the ticket rate, and if he refuses to pay at the train rate he may be ejected from the train, without subjecting the defendant company to liability for damages, provided the failure of the passenger to provide himself with a ticket is due to his own fault or negligence, and provided further that only such force is used as is necessary to eject him from the cars, and that the expulsion be made in a decorous and proper manner." There is an evident lapsus of the words "boards a train," after the word "who" and before the word "without," in the first line of the above extract; but supplying that, we find no error in the instruction. The statement of the judge, that the plaintiff could be required to pay the train rate, and could be ejected if he refused to pay it, without subjecting the carrier to any liability, if the failure of the pas-

senger to provide himself with a ticket was due to his own fault or negligence, if not a stronger method of stating the plaintiff's duty of exercising reasonable diligence to procure a ticket than that suggested by the plaintiff in error, is at least sufficient, in the absence of a written request for more specific instructions.

3.    Complaint is made as to another portion of the judge's charge, because it is insisted that under the evidence the plaintiff was not a passenger, but merely a trespasser.  It is insisted that the judge erred in instructing the jury as to the duties of a carrier to a passenger, because the evidence showed that the plaintiff had no ticket.  It does not require a ticket to make one a passenger upon a railroad train.    The law does require that one who intends to become a passenger shall use reasonable diligence to obtain a ticket. This is a regulation of public policy.    But if an intending passenger uses ordinary diligence to obtain a ticket and is prevented from getting it, by any cause beyond his own control, and thereafter enters the train of a common carrier with the intention of paying for his journey and complying with all of the proper rules and regulations of the carrier, he is not a trespasser, but a passenger.    One who boards a train intending to pay for his passage therein is not a trespasser, even though he be in error as to the amount due for his fare.

4.    As to other defects alleged by the motion for a new trial, it is plain, upon a review of the charge as a whole, that every instruction needful to the jury in its consideration of this case was given in some portion of the general charge.

5.    The finding in favor of the plaintiff was very moderate in amount.  We do not say this in any spirit of criticism ; for it was perhaps fully as large as the plaintiff was entitled to recover under his own evidence.   We refer to it simply because it is apparent from this record that the case was one for the jury, and no reason appears why their finding should be disturbed.   Numerous witnesses testified in behalf of the defendant, some of them apparently disinterested ; and there was some testimony on the part of the defendant which flatly contradicted every material statement made by the plaintiff in his own behalf.  If the testimony for the defendant is true, the conductor returned to the plaintiff the money which he had tendered, and the train was stopped and the plaintiff allowed to disembark at his own request.   According to this testi-

mony, there was no unkind or discourteous language used by the conductor, and the plaintiff alighted on ground perfectly smooth and level, and consequently the skinning of his leg must have been the result of his own negligence. But while the evidence for the defendant would have debarred any recovery on the part of the plaintiff, the testimony of the plaintiff warrants the finding in his favor.                            *Judgment affirmed.*