## 2705. SOUTHERN RAILWAY COMPANY v. JOHNSON.

The evidence authorized the verdict.

DECIDED JANUARY 31, 1911.

Action for damages; from city court of Floyd county—Judge Hamilton. May 19, 1910.

*Maddox, McCamy & Shumate, George A. H. Harris & Son,* for plaintiff in error. *McHenry & Porter,* contra.

POWELL, J. The plaintiff, a woman who lived at Plainville, a small station on the defendant's line of railroad, not a great distance from Rome, went to that city to do some shopping. She spent all her money except thirty cents, the fare from Rome to Plainville. Her train passed Rome late in the afternoon. About the middle of the afternoon she went to the station and asked the agent to sell her a ticket. He told her that he would not sell her a ticket until twenty minutes before the train arrived. She remained about the waiting-room during the afternoon and until after the train arrived, and by reason of the fact that the agent went off and failed to leave his keys with any one who could sell tickets, she was unable to purchase a ticket. She went back to the city and got accommodations at the home of a stranger. Next morning she bought a ticket and got to her home about 12 o'clock in the day. The jury awarded her $150 damages. She proved no special damages. The company, in addition to the contention that the verdict is excessive, makes the point that under the law of this State she would have had the right to board the train without a ticket and to be carried at the customary ticket fare, though the conductor's fare is usually greater than the ticket fare, she having used reasonable diligence in attempting to procure a ticket. We do not think that the verdict is excessive. The plaintiff, not having shown special damages, was entitled to general damages for the defendant's breach of duty in refusing to make a contract of carriage with the plaintiff, who offered herself as a passenger and tendered the fare. Under such circumstances, the general damages allowed need not be merely nominal in amount; besides, the majority of this court is of the view that $150 would not be excessive as nominal damages. See *Western Union Telegraph Co.* v. *Glenn,* ante, 168 (68 S. E. 881), in which the writer dissented. Rome being an agency station, with business hours covering the period within which the present al-

leged wrong occurred, it was the duty of the company to sell the plaintiff a ticket in accordance with their general regulations and the railroad commission's rules. We do not mean to say that the agent's original request, that she should wait until twenty minutes before the train came, was unreasonable, but having then refused to sell the ticket and having asked the plaintiff to wait, it was wrong for him to lock up the tickets so that the other person left in the agency could not sell one to the plaintiff. Indeed, it seems that at a time probably within this twenty minutes period she applied to the same agent for the ticket, and was again asked to wait, on the theory that the train which was heard to be coming was not her train. And we can not hold that the plaintiff, who was a woman with a small child and who had but thirty cents, which was less than enough to pay the usual conductor's fare, acted otherwise than prudently when she decided not to attempt to get upon the train and to take the chance of the conductor's carrying her to her destination for the thirty cents. It is true that if the conductor had refused to carry her under the circumstances, the company's breach of duty would have been aggravated, and if he had put her off the train she could have recovered damages for the expulsion; but we can readily appreciate that a good woman would not care to submit herself to the chances of this humiliation. If she had demanded that the conductor carry her for the thirty cents, she would have been putting herself in the attitude of claiming an exception to the ordinary rule, and of supporting the exception with her bare statement; for no doubt, so far as the conductor could ascertain from passing the station, it was open and ready for the sale of tickets. If the conductor or any other person on behalf of the railroad had told her to board the train without a ticket, under the circumstances, and that she would be carried at less than the usual conductor's rate, then she might be considered the author of the general damage which ensued to her. Having suffered one wrong at the hands of the defendant's agent, even though that wrong was merely neglectful, and not wilful, we do not think that it was her duty to subject herself to the chance of another and more serious wrong as a condition precedent to holding the company liable for the tort already committed.          *Judgment affirmed.*