## LANCASTER *v.* HILL.

1. A statute authorizing the removing of an officer for sufficient cause, including incapacity and official misbehavior, contemplates a cause relating to and affecting the administration of the office, restricted to something of a substantial nature directly affecting the rights and interests of the public.

2. The plaintiff in execution or his lawful attorney has control of the execution, and may direct the executing officer as to the time and manner of enforcing it. If the plaintiff directs the levying officer to temporarily

withhold the execution, the officer has no right to levy it, contrary to the plaintiff's direction, notwithstanding his fees may be included in the costs taxed in the judgment. But the mere insistence of the officer upon a levy of the execution unless his fees are paid (without an actual levy), inspired by a bona fide belief of his right to demand his fees as a condition of suspending action, is not such misfeasance as would authorize his removal from office.

3. Rudeness of an officer, not amounting to illegality of conduct or to oppression under color of office, is not such misconduct as will give cause for the removal of a constable from office.

4. It is misbehavior in office which the statute specifies as a ground for removal of a constable, and not individual misconduct, disconnected with the discharge of any official duty.

5. The specification of conduct constituting the crime of extortion is sufficient allegation of official misbehavior.

6. It is official misbehavior for a constable to knowingly make an illegal levy with the purpose of oppressing one against whom he is illegally executing the process.

7. The original petition was amendable under the principles announced in Columbus v. Anglin, 120 Ga. 785 (48 S. E. 318).

JUNE 15, 1911.

Removal of constable. Before Judge Pendleton. Fulton superior court. June 8, 1910.

Moore & Branch, Anderson, Felder, Rountree & Wilson, E. D. Thomas, Mayson & Johnson, J. E. & L. F. McClelland, John A. Boykin, and Daley, Chambers & Smith, for plaintiff in error.

C. D. Hill, solicitor-general, W. A. Fuller, and George Gordon, contra.

EVANS, P. J. This is a proceeding by the solicitor-general of the Atlanta circuit, on the relation of J. D. Cromer, to remove from office C. M. Lancaster, a constable of Fulton county. The original petition assigned, as grounds for his removal, (1) that he insisted on levying a fi. fa. after the defendant and the plaintiff in execution had agreed that the fi. fa. should be temporarily stayed, unless his costs were paid, which insistence was in the business office of the relator and in the presence of some of his patrons, and that the constable only desisted when the defendant had taken further legal steps by procuring a supersedeas. of the judgment on which the execution issued; (2) that the officer is unreasonable, rough, and domineering in his methods, delighting to oppress the poor and the weak and to humiliate the innocent, and that he has an exaggerated conception of the importance of his office; (3) that on three occasions he has been convicted of being drunk and disorderly in the recorder's court of the City of Atlanta, and in the

last two offenses his disorderly conduct consisted in the use of vile, vulgar, and profane language; (4) that the constable has been guilty of divers and sundry other acts of cruelty and misconduct; and the plaintiff asks permission of the court to produce evidence thereof. The constable demurred to the sufficiency of the complaint. Whereupon the relator amended by alleging the following additional grounds for the officer's removal: (5) The officer went to the house of Mrs. J. A. Burton to execute a fi. fa. against her and her husband, by levying on the household goods of the defendants. Mrs. Burton exhibited her exemption certificate, legal in form and substance, and duly allowed by the ordinary, embracing the household goods upon which the officer indicated his intention to levy. Mrs. Burton was sick, and requested the officer to desist from levying the fi. fa. Whereupon the constable said he would levy the fi. fa. unless she paid to him $3.90. She borrowed the money and paid it to the officer. It is charged that the defendant deliberately harrassed, threatened, and humiliated Mrs. Burton, by threats of an illegal levy, into paying him money to which he was not entitled in law at the time, and that the defendant thereby extorted from her, by color of his office, money that was not due him. (6) He received a certain sum of money from a claimant of property on which he had levied, with the understanding that it would be returned to him upon the execution of proper claim and forthcoming bonds with good security. Such bonds were executed and tendered to the officer, who refused to accept them or to deliver the money to the claimant. It is charged "that the act of the said Lancaster in receiving a cash bond from a third party was illegal and improper, and that the taking and receiving of said money by color of his office was illegal and improper. Relator further charges that the keeping of said money when proper bond and security were tendered him was illegal and improper." (7) The constable executed a writ of attachment by an excessive levy on household goods; the levy was made outside of the district where the officer held his commission, and the goods were taken to the court-room of the justice of the peace in the officer's district. It is charged "that the said defendant, in making the said grossly excessive levy and in removing said property as aforesaid was guilty of the most reprehensible misconduct and misbehavior in office." Other amendments were allowed, amplifying the specific

charges by supplying details of the averments. The defendant objected to the amendments, because the original petition was so defective in the statement of a legal cause of action that it did not serve as a basis for amendment, and that as amended no sufficient cause was alleged for his removal from office. Certain special demurrers were urged, and, with one exception, were overruled, and the general demurrer was also overruled. The exception is to the overruling of the demurrers.

1. Constables are subject to be removed from office on the same grounds and on the same proceedings as clerks of the superior court are, and on conviction for malpractice in office as justices of the peace are. Civil Code (1910), § 4681. Clerks of the superior court "are subject to be removed from office by the judge of the said court for any sufficient cause, including incapacity or misbehavior in office, charges for which must be exhibited to the court in writing and the facts tried by a special jury, such clerk being entitled to a copy of the charges three days before trial." Civil Code (1910), § 4897. Constables may therefore be removed from office for any sufficient cause, including official incapacity, misbehavior, or as a result of a conviction for malpractice in office. The first ground for removal is that prescribed for clerks of the superior court, made on written specification of charge, and the last is the automatic result of a conviction for malpractice in office. The petition in the present case is framed under the Civil Code (1910), § 4897, and the subject-matter of inquiry is the sufficiency of the various charges as alleging cause for removal of a constable under this code section. Sufficient cause means legal cause, and that which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. Boggs case, 11 Coke, 93b; State *v.* Duluth, 53 Minn. 238 (55 N. W. 118, 39 Am. St. R. 595). The specification that sufficient cause includes official incapacity and misbehavior would seem to import that these items of specification were intended rather as an enlargement than a restriction as to what constitutes sufficient cause to remove an officer. We do not think that the words "sufficient cause" should be construed to embrace any cause not affecting the competency of the officer and his official conduct.

2. A plaintiff in execution has control of the process and may

direct the executing officer as to the time and manner of enforc-
ing it. *Hatcher* v. *Lord,* 115 *Ga.* 623 (41 S. E. 1007, 61 L. R. A.
353) ; Gorham *v.* Gale, 7 Cowen, 739 (17 Am. Dec. 549) ; Isler *v.*
Colgrove, 35 N. C. 335; Patton *v.* Hammer, 28 Ala. 618. The in-
clusion of the officer's fee in the execution does not give the officer
the power of enforcement contrary to the plaintiff's direction, since
the court costs, embracing the officer's fees, are a part of the plain-
tiff's recovery, for the payment of which to the officers the plaintiff
is ultimately bound. If the plaintiff prevents or obstructs the levy-
ing officer from executing the process, the officer may have judg-
ment against the plaintiff for his costs, and have execution issued
thereon. *Robertson* v. *Smith,* 37 *Ga.* 604. It may be that a sheriff
or constable would be permitted to sell in case of collusion between
the parties and when the plaintiff is irresponsible. Jackson *v.*
Anderson, 4 Wend. 474. However this record does not present
such a case. The first count or charge as a basis for the constable's
removal, when reduced to its bare facts, is that the constable insisted
on a levy of the fi. fa. after the plaintiff's attorney had directed
him to postpone his levy, unless his costs were paid. The con-
stable was entitled to his costs, but was not entitled to enforce
collection by a levy of the fi. fa. after he was directed by the plain-
tiff to withhold action for a time. Still we do not think the officer's
insistence on the payment of his costs, or, on default thereof, that
he would levy the fi. fa., ground for removal from office, where
there was no actual levy and nothing to show that the officer was in-
stigated by a desire to oppress the defendant, or other motive than
a purpose to collect his costs in a manner supposed by him to be
proper and legal.

3.   That an officer may be rude and domineering in his methods
of administering his office is not ground for removal, unless his
rudeness extends to illegality of conduct or to oppression under
color of office. Lack of civility in official acts very probably will
cause the electorate to decline to re-elect an incumbent who is
wanting in the temperamental qualities which the ethical standard
of the community may prescribe, but is not sufficient, when disas-
sociated from illegal conduct, for the officer's removal from office
by the court. Individual idiosyncrasy and temperament of an
officer capacitated to discharge his official duties is not the official
incapacity recognized by the statute as a ground for removal.

4. It is official misbehavior which the statute specifies as a ground for removal from office, and not individual misconduct wholly apart from the discharge of official duty. *Hawkins* v. *State,* 54 *Ga.* 653. It is not alleged that the constable was acting in an official capacity when he was drunk, or that as a result of such drunkenness he was guilty of any wrongful official act or omission to act. The allegation of the conviction of the defendant in the recorder's court on the charge of drunkenness and disorderly conduct, without connecting such offenses with the defendant's office, is not good as an allegation of official misbehavior.

5. "Extortion shall consist in any public officer's unlawfully taking, by color of his office, from any person any money or thing of value that is not due to him, or more than his due." Penal Code (1910), § 302. With regard to specifications marked (5) and (6) in the foregoing statement of facts, the facts alleged make a case of extortion.

6. The last specification of official misbehavior is an excessive levy of an attachment on household goods, made by the constable outside of his bailiwick. It is alleged, that the constable seized property three or four times in excess of the amount named in the attachment, and carried the same out of the district where the levy was made to the court-room of the magistrate who issued the attachment, some five miles away; that the constable knew he had no legal right to levy the attachment outside of the district of which he was constable; and that he deliberately and wilfully removed the property for the purpose of prejudicing the rights of the defendant in attachment, and of making it more difficult for him to protect his property. A constable has no right to execute civil process outside of his district, unless specially authorized by statute; and if he does so, knowing that he is without power to lawfully act, and with a purpose of oppressing the defendant, such conduct is official misbehavior and is cause for removal.

7. The original petition charged generally that the defendant was guilty of official misconduct, and also specially that he was guilty of certain alleged misbehavior. Even though the particular matters specified be insufficient to constitute official misconduct, the petition was not so defective that it could not be perfected by proper amendments. *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318). *Judgment affirmed. All the Justices concur.*