### 5337.   MOODY v. SOUTHERN RAILWAY COMPANY.

1. "This court has no authority to decide whether a trial court erred in directing a verdict, when there is no specific assignment of error, either pendente lite, in the motion for new trial, or in the bill of exceptions, made upon such direction."

2. Where a passenger on a train of a railway company, without fault on its part, negligently fails to purchase a ticket at a station, where under the rules of the railroad commission a ticket must be purchased, he is liable to pay the carrier whatever sum in addition to the ticket rate may be charged under the rules of the railroad commission. If he fails to pay this excess rate on demand, the carrier may lawfully eject him from the train. This is true although it appears that on previous occasions the carrier accepted from the passenger the cash fare, at the ticket rate, between the same points; it not appearing that at the time the passenger was ejected he did not have the excess fare, or that he was misled by the previous practice of the carrier into boarding the train with no more money than was necessary to pay fare at the ticket rate.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Polk county—Judge Irwin. October 6, 1913.

*I. F. Mundy, W. W. Mundy,* for plaintiff.

*Maddox, McCamy & Shumate, John L. Tison, Bunn & Trawick,* for defendant.

POTTLE, J.  The plaintiff in error sued the railway company for damages, and after the conclusion of the evidence at the trial the court directed a verdict against him.  He filed a motion for a new trial, based solely on the grounds that the verdict was contrary to law and evidence.  From the evidence it appeared that the plaintiff boarded the defendant's train at Rockmart, to go to Aragon, a distance of four miles.  The ticket fare was ten cents, but, under the rules of the railroad commission, the carrier is permitted to collect twenty-five cents, cash fare, where the passenger, by reason of his own want of reasonable diligence, has failed to obtain a ticket.  The plaintiff failed to provide himself with a ticket, without fault on the part of the defendant, and refused to pay the excess fare.  Thereupon the train was stopped and he was quietly ejected therefrom, no more force being used than was necessary to accomplish the purpose.  The plaintiff bases his right to recover upon the theory that the carrier had previously accepted from him and other passengers ten cents as cash fare from Rockmart to Aragon, and that he had no notice that this custom would be departed from at

the time he boarded the train. The plaintiff testified that the defendant's ticket-collector accepted from him the ten cents fare which he tendered, and never returned it, though he admits it was tendered back to him.

1. "This court has no authority to decide whether a trial court erred in directing a verdict, when there is no specific assignment of error, either pendente lite, in the motion for new trial, or in the bill of exceptions, made upon such direction." See *Cole* v. *Illinois Sewing Machine Co.*, 7. *Ga. App.* 338 (66 S. E. 979), and cases cited. In that case the writer of this opinion, representing as counsel the plaintiff in error, found himself in the same difficulty which confronts counsel for the plaintiff in error in the present case. The writer then insisted that an assignment of error that "the verdict was contrary to law and without evidence to support it" was sufficient to require a decision upon the question whether or not the court erred in directing the verdict, because, under the law, a directed verdict was illegal if there was any evidence to support a contrary verdict. Both the Supreme Court and the Court of Appeals have, however, taken a different view of this question of practice, and it is now settled that unless there is a specific assignment of error upon the action of the court in directing the verdict, the verdict must be treated as though it had been returned by a jury without any direction; and if there is any evidence to support it, a judgment overruling a motion for a new trial, based solely on the ground that the verdict is contrary to law and evidence, must be affirmed.

2. The plaintiff did not undertake to offer any excuse for failing to purchase a ticket. He voluntarily boarded the train without providing himself with a ticket, and tendered the ticket fare. For this reason the decision of this court in *Southern Railway Co.* v. *Jones*, 8 *Ga. App.* 225 (68 S. E. 1011), has no application to the case; nor does the decision in *Southern Railway Co.* v. *Johnson*, 8 *Ga. App.* 654 (70 S. E. 69), apply. Both of these decisions were based upon the theory that the plaintiff offered a reasonable excuse for not purchasing a ticket. Here no excuse at all was offered, and the ticket-collector had the right to demand the excess fare. The plaintiff contends that, under the rules of the railroad commission, this was optional with the company, and it was not bound, at the peril of being charged with discrimination, to demand the excess fare.

This may be granted for the sake of the argument, but certainly the company had the right to demand the additional fare, and, if so, upon the plaintiff's refusal to pay it, had the right to eject him at a proper place and in a proper manner. It is not contended that the plaintiff was ejected at a dangerous place or that he suffered any injury in consequence of ejectment in a manner unnecessarily harsh. The injuries which he received were the natural and proximate cause of his own failure to provide himself with a ticket. The fact that on other occasions the defendant's conductor had, in violation of its rules, allowed passengers to ride without payment of excess fare did not raise any duty on its part to the plaintiff to allow him to do so on this particular occasion. It does not appear from the testimony that the plaintiff did not have the fifteen cents, which the conductor demanded as excess fare, or that he was misled into boarding the train with only ten cents by the previous conduct of the defendant's employees. Whether the plaintiff would have made a case if this had been shown we need not decide. The plaintiff testified that the company accepted him as a passenger upon the payment of ten cents, and contends that for this reason it had no right to eject him. He admitted that the amount he paid was tendered back to him, and that he refused to accept it. There was evidence for the defendant that the fare had not been accepted. In view of what has been held in the first division of this opinion, the version of the defendant's witnesses must be taken as true. The plaintiff may be entitled to recover his ten cents, but we do not feel that we are bound to send the case back in order to allow this to be done. If this trifling sum was tendered back to the plaintiff, as he admits, he would be compelled to pay the costs of suit in order to recover, and it will not be assumed that he would be willing to do this; and besides, the amount is so small it would seem to come within the operation of the maxim, "De minimis non curat lex." *Willey* v. *Bowden,* infra, 379 (80 S. E. 910).

*Judgment affirmed.*