### 5292. WILLEY *v.* BOWDEN.

1. A mere general assignment of error upon a judgment overruling a certiorari is not sufficient to authorize a ruling upon the question whether the court erred in not taxing the costs against the defendant in certiorari after having directed that a small sum be written off from the verdict in his favor.

2. It would seem that the sum of nine cents is so trifling and insignificant as to come within the maxim, "De minimis non curat lex," and that a litigant is not entitled to use the processes of a reviewing court for the purpose of having corrected an error of such insignificance.

DECIDED JANUARY 20, 1914. REHEARING DENIED FEBRUARY 4, 1914.

Certiorari; from Fulton superior court—Judge Bell. September 18, 1913.

*Morris Macks,* for plaintiff in error. *B. L. Milling,* contra.

POTTLE, J. This was a certiorari case, in which the plaintiff in certiorari complained of a verdict against him in the sum of $23.84. In the account attached to the summons in the justice's court the defendant in certiorari claimed the sum of $23.84, but the bill of particulars attached to the account showed an indebtedness of $23.75. Upon consideration of the certiorari the judge of the superior court, on motion of counsel for the defendant in certiorari, wrote off nine cents from the verdict, and passed the following order: "The within certiorari coming on to be heard, after hearing same, certiorari is overruled and judgment against plaintiff in certiorari for $———costs." The assignment of error in the bill of exceptions is in the following language: "To which judgment of the court the petitioner then and there excepted, now excepts, and assigns the same as error." There was no merit in the certiorari. The evidence was directly conflicting, and the judge of the superior court did not abuse his discretion in overruling the certiorari. The point chiefly relied on in this court is that the judge should have taxed the costs of the certiorari against the defendant in certiorari. The judge had the right to write off the nine cents excess. It would seem that this trifling sum ought to come within the maxim, "De minimis non curat lex," and that the plaintiff ought not to be allowed to use the processes of the court to get relief

from such an insignificant sum. Chenery v. Stevens, 97 Mass. 82; Agens v. Newark, 35 N. J. L. 168; Spencer v. Champion, 9 Conn. 536; Slaughter v. Bank, 109 Ala. 158 (19 So. 430). However this may be, the court granted the relief prayed and wrote off the nine cents. The plaintiff in error argues that under section 5980 of the Civil Code, the costs should have been taxed against the defendant in certiorari because he was cast in the suit. We are not prepared to hold that a party is cast in a suit merely because such a slight error in his favor, made by a jury in calculation, was corrected by the superior court.

Even if the rule were otherwise, the assignment of error in the bill of exceptions is not sufficient to raise the point upon which counsel insists. A mere general assignment of error upon a judgment overruling a certiorari simply raises the point that the certiorari should have been sustained. It is probably sufficient to raise the point that the judge had no authority to write off the nine cents, but should have sustained the certiorari and sent the case back for another trial. There is no merit in this contention, however, because the judge did have the right to reduce the verdict. The assignment of error is not sufficient to raise the point that the cost should have been taxed against the defendant in certiorari. In order to have raised this question the plaintiff in error should have distinctly assigned error upon the failure of the judge to tax the cost against the defendant in certiorari. *Judgment affirmed.*