5602.  MAYOR AND CITY COUNCIL OF AMERICUS *v.*
ANSLEY, administrator.

1. The petition stated a cause of action.
2. Even if a municipality may be liable for punitive damages, the instruction of the court upon that subject was not warranted by any evidence in the record, and was for that reason error.

3. The evidence warranted a finding that there had been an unauthorized invasion of the plaintiff's rights, and that a tort had been committed by the defendant which would have authorized the recovery of nominal damages, if not the award of a substantial amount. This being true, it can not be adjudged by this court, especially in view of the small amount awarded by the jury, that the court erred in approving the verdict rendered.

DECIDED JUNE 22, 1914.

Action for damages; from city court of Americus—Judge Harper. February 14, 1914.

*Hollis Fort,* for plaintiff in error.

*W. P. Wallis, Shipp & Sheppard,* contra.

ROAN, J. Ansley sued the Mayor and City Council of Americus for damages in the sum of $1,000 because of alleged negligence on the part of a contractor of the city in piling up and leaving for an unreasonable length of time dirt and clay on the sidewalk in front of the plaintiff's house from a ditch that was being dug in the street, thereby causing him and his family great inconvenience and annoyance. There was no allegation of any special damage. The defendant demurred to the petition and answered, denying liability. The court overruled the demurrer, and the case proceeded to trial. At the conclusion of the plaintiff's testimony the defendant moved for a nonsuit, and the motion was overruled. The jury rendered a verdict in favor of the plaintiff, for $100. The defendant filed a motion for a new trial, containing the usual general grounds, and alleging that the court erred in not granting a nonsuit, and in certain portions of the charge. The motion was overruled, and the defendant excepted, assigning error upon the overruling of the demurrer, as well as upon the refusal of a new trial.

1. The petition stated a cause of action, and the court did not err in overruling the demurrer.

2. Is a municipal corporation liable in this State for punitive or exemplary damages? So far as our investigation has extended it appears that California is the only State in the Union in which such damages are recoverable against a municipal corporation; and in that State they are recoverable only because of express legislation on the subject. We have found no ruling on this subject by the courts of last resort of our State, but the almost universal doctrine, as laid down by the text-books and in the decisions of courts of other States, is that unless expressly authorized by statute, a mu-

nicipal corporation is never liable in exemplary damages. See Bennett *v.* City of Marion, 102 Iowa, 425 (71 N. W. 360, 63 Am. St. R. 454) ; Ogg *v.* City of Lansing, 35 Iowa, 495 (14 Am. R. 499) ; Van Horn *v.* City of Des Moines, 63 Iowa, 447 (19 N. W. 293, 50 Am. R. 750) ; City of Chicago *v.* Kelly, 69 Ill. 475; Wilson *v.* City of Wheeling, 19 W. Va. 323 (42 Am. R. 780) ; Hunt *v.* Boonesville, 65 Mo. 620 (27 Am. R. 299) ; Sutherland on Damages, § 412; Burdick's Law of Torts (2d ed.), 105-112, 204; Costich *v.* City of Rochester, 68 App. Div. 623 (73 N. Y. Supp. 835).

While we do not now decide that a municipal corporation would not under some circumstances be liable for punitive or exemplary damages, we do hold that in this case the evidence discloses no such conduct on the part of the municipality or its agents as justifies punitive or exemplary damages, and the court was in error in charging, as set out in the motion for a new trial, as follows: "In some torts the law permits the jury, where actual damages have been sustained, to award what is known as punitive damages,—that is, in the nature of a punishment to the defendant for the wrong done. The rule in relation to the recovery of punitive damages for a nuisance is as follows: It is only in instances where the injury inflicted is from wanton or malicious motives, or reckless disregard of the rights of others, or when an act results in great hardship and oppression, that punitive damages are given. Now, on that branch of the case, if you consider the defendant liable in damages, before you would be authorized to return a verdict including any punitive damages, you have to believe that the act on the part of the plaintiff [?] was wilful or wanton, or done with a malicious motive, or that there was a reckless disregard of the rights of the defendant [?], or that the act resulted in great hardship and oppression. If you should believe that the plaintiff [?] is liable, and that the defendant wilfully, and with malicious motives as against this defendant [?], caused this dirt unnecessarily to be thrown on the walk in front of his premises, or if you believe that after it was thrown there the city, with a malicious motive, wilfully and wantonly permitted it to remain there an unreasonable length of time, in that instance you would be authorized to award punitive damages; and there is no rule of law to define to the jury the amount you should award as punitive damages. It is a matter that addresses itself to the conscience of the jury under the

facts and circumstances of the case." There being no evidence in the record to which this charge could be adjusted, it was error. See *Georgia R. Co.* v. *Gardner,* 115 *Ga.* 954 (42 S. E. 250) ; *Sou. Ry. Co.* v. *O'Bryan,* 119 *Ga.* 149 (45 S. E. 1000) ; *Georgia R. Co.* v. *Gardner,* 118 *Ga.* 724-727 (45 S. E. 600).

3. But though we do not determine the question as to the liability of a municipal corporation for damages purely vindictive in their nature, and though we are satisfied that the trial judge erred in the instruction to which we have just referred, we are not convinced that the plaintiff in error is entitled to a reversal of the judgment overruling the motion for a new trial. The amount of the verdict is comparatively so insignificant as to preclude the supposition that the jury intended to award punitive damages; and for that reason we are safe in concluding that the error to which we have referred may be adjudged to be harmless. The evidence is undisputed that red clay dug from a very deep ditch, which could have been deposited on the opposite side, was thrown out on the sidewalk in front of the plaintiff's house and in front of his gate, until it accumulated to the height of several feet and completely prevented ingress or egress from that side of his premises, and that it was permitted, in part at least, to remain in this condition from some time in October to some time in February. The jury were authorized to infer, even without testimony to that effect, that this obstruction could have been much sooner removed, so that the plaintiff could without hindrance go to his business, and on Sundays or at night attend divine services. There was certainly such an infraction of the public duties of the municipality as entitled him to at least nominal damages; and in view of the holdings of this court that a verdict of $150 and a verdict of $250 may be included within the definition of the term "nominal damages," it can not be held that the motion for a new trial was not overruled by the trial judge upon this theory. The order in the record, refusing a new trial, is a mere general order, and the rule is well settled that if the ruling of the lower court is sustainable on any ground, it will not be reversed. See *Western Union Tel. Co.* v. *Glenn,* 8 *Ga. App.* 168 (68 S. E. 881) ; *Sou. Ry. Co.* v. *Johnson,* 8 *Ga. App.* 654 (70 S. E. 69).                *Judgment affirmed.*