PLUNKETT'S SCHOOL FOR BOYS *v.* CITY OF THOMASVILLE *et al.*

ATKINSON, J. 1. The collection of a property tax by a municipality under its charter powers is a governmental function; and being so, the city is not liable in damages for the act of the municipal officers in levying an execution on the property for such taxes, even if the acts of the officers in so levying amount to a trespass. *Cornelisen* v. *Atlanta*, 146 *Ga.* 416 (91 S. E. 415); *Mayor of Savannah* v. *Jordan*, 142 *Ga.* 409 (82 S. E. 109, L. R. A. 1915C, 741, Ann. Cas. 1916C, 240); *Cook* v. *Macon*, 54 *Ga.* 468; *Gray* v. *Griffin*, 111 *Ga.* 361 (2) (36 S. E. 792, 51 L. R. A. 131). Compare *Mayor &c. of Americus* v. *Ansley*, 14 *Ga. App.* 707 (2) (82 S. E. 159), and cit., relating to the question whether, in the absence of express statutory provision therefor, a municipal corporation may be liable in exemplary damages.

2. In section 23 of the charter of the City of Thomasville (Ga. L. 1920, pp. 1583, 1593) it is made "the duty of every person owning property in said city, either in his own right or as agent of another, or in any fiduciary capacity, to make annual returns thereof, under oath, to the city clerk, . . for taxation, and upon failure or refusal of any person to make such return the city clerk shall make the returns for taxation of said person." And it is made the duty of city assessors provided for in said section to "carefully examine the returns . . and correct all such as are in their judgment incorrect, and assess the property returned at such values as shall seem to them fair and equitable, and add to any return the full value of any property not returned." And it is made the duty of the city treasurer to "issue execution against all persons who have failed to pay by the time fixed for issuing execution, which . . shall be turned over to the chief of police of said city, who shall proceed to collect them in the same way as executions for the State are collected," etc. *Held:*

(*a*) Where property was returned for municipal taxation for the year 1927 by Frank R. Plunkett, and was not returned for municipal taxation in 1928, and the city assessors in pursuance of the provision of the municipal charter assessed the property for taxation as the property of Frank R. Plunkett, and execution was duly issued for the amount of the tax, and was levied by the city marshal, in pursuance of direction so to do by the city attorney, on the property of Frank R. Plunkett while in possession of Plunkett's School for Boys, to which it had been recently transferred by Frank R. Plunkett and which asserts that it is exempt from taxation, the city attorney and the marshal are not individually liable to the said transferee for vindictive damages on the ground of trespass in levying on the property while in possession of the transferee. See *Wiley* v. *Martin*, 163 *Ga.* 381, 385 (136 S. E. 151).

(*b*) The case differs from *McDougald* v. *Dougherty*, 12 *Ga.* 613, *Riley* v. *Martin*, 35 *Ga.* 136, *Gunn* v. *Pattishal*, 48 *Ga.* 405, *Bodega* v. *Perkerson*, 60 *Ga.* 516, *Waldrop* v. *Almand*, 94 *Ga.* 623 (19 S. E. 994), *Jones* v. *Lamon*, 92 *Ga.* 529 (18 S. E. 423), *Hathaway* v. *Smith*, 117 *Ga.* 946 (43 S. E. 984), *Lancaster* v. *Hill*, 136 *Ga.* 405 (71 S. E. 731, Ann. Cas. 1912C, 272), *Holton* v. *Taylor*, 80 *Ga.* 508 (6 S. E. 15), and similar cases which did not involve the levy of tax executions.

3. The court did not err in striking so much of the petition as sought to recover damages from the city, the attorney, and the marshal.

4. The judgment overruling the general demurrer to so much of the petition as alleged that the property was exempt from taxation, not having been excepted to, became final on that question as the law of the case. *Pierpont Mfg. Co.* v. *Savannah*, 153 *Ga.* 455 (112 S. E. 462); *Hawkins* v. *Studdard*, 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190).

5. The evidence as to matters relied on as ground for exemption did not materially differ from the allegations which the court refused to strike on demurrer, to which ruling there was no exception. The court erred in refusing to grant a new trial.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 9731.   MARCH 3, 1934.

*Clifford E. Hay,* for plaintiff.
*P. C. Andrews* and *H. H. Merry,* for defendants.