A99A2121. COLLIER v. BOARD OF COMMISSIONERS OF PIKE COUNTY.
(524 SE2d 292)

BLACKBURN, Presiding Judge.

Patricia Collier, Chief Voting Registrar for Pike County, appeals the trial court's order removing her from office after the Pike County Board of Commissioners brought the underlying action pursuant to OCGA § 21-2-212 (a). Collier contends that there was insufficient evidence to support her removal from office "for cause." Because the trial court's order removing Collier from office "for cause" was supported by some evidence, we affirm.

OCGA § 21-2-212, in pertinent part, provides that the senior superior court judge has the right to remove a registrar "at any time for cause after notice and hearing." In the present case, Collier received notice and a hearing and contests only whether the evidence was sufficient to remove her "for cause."

The evidence at the hearing revealed that, during the July 1998 primary election, approximately 58 people were denied the right to vote in the District 2 county commission race because their names were placed in the wrong district. After a contest to the election, the vote in District 2 was voided, and a new election was held. Collier agreed that, as Chief Voting Registrar, it was her responsibility to ensure that electors were placed in the proper district.

During the November 1998 general election, Collier mishandled the absentee ballots. Specifically, Collier opened the ballots in violation of OCGA § 21-2-386 (a) (2). Additionally, nine of the absentee

ballots were misplaced until the next morning when Collier found them in her desk. As a result, the District 2 county commission vote was voided and again required a new election.

Although OCGA § 21-2-212 allows for the removal of Collier "for cause," there have been very few decisions addressing what constitutes "cause" as used in this Code section. In *Lancaster v. Hill*, 136 Ga. 405, 408 (1) (71 SE 731) (1911), the Supreme Court of Georgia determined that "cause" in a similar statute meant "legal cause, and that which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public." In 1971, the attorney general issued an opinion addressing this issue which, in addition to citing the *Lancaster* opinion, determined that "nonfeasance or any instance where the registrar might not be doing an effective job would be as much a cause for removal from office as malfeasance in office." Op. Atty. Gen. 71-168.[1]

The trial court specifically found that both voided elections were directly caused by Collier's failure to follow the law and properly administer the duties of her office. "The court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them." (Punctuation omitted.) *Vance v. Jackson*, 233 Ga. App. 480, 481 (1) (504 SE2d 529) (1998). The trial court's determination is supported by evidence as is its finding that Collier's actions were sufficient to support her removal from office for cause.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 1, 1999.

*Ellis R. Garnett*, for appellant.
*Beck, Owen & Murray, James R. Fortune, Jr.*, for appellee.

---

[1] Attorney general opinions may be considered as persuasive authority on appellate courts. See *Campbell v. Poythress*, 216 Ga. App. 834, 835 (456 SE2d 110) (1995).