### GREER *v.* YOUNG *et al.*

LITTLE, J.  When in an action for land the right of the plaintiffs to recover is based on an alleged deed, which has been destroyed, and a copy of which can not be produced, the plaintiff must fail, unless the evidence not only satisfactorily shows the existence and loss of the original deed, but its contents and the fact of its proper execution. *Smith* v. *Smith*, 106 *Ga.* 303. Neither of the two last requisites was sufficiently shown to authorize a recovery in the present case, and the court erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concurring.*

Submitted March 2, — Decided March 27, 1901.

Complaint for land.  Before Judge Russell.  Gwinnett superior court.  April 28, 1900.

*F. R. Walker*, for plaintiff in error.

*C. J. Simmons* and *C. L. Pettigrew*, contra.

---

### MEDLOCK *v.* SMITH.

FISH, J.  The motion for a new trial, as verified by the judge of the city court in which the case was originally tried, amounts to no more than a general complaint that the verdict was contrary to and not supported by the evidence. An examination of the brief of evidence shows that this complaint is not well founded, there being ample testimony to sustain the finding of the jury. The necessary conclusion is that the superior court did not err in overruling the certiorari, the petition for which assigned no error except the refusal of the city court to grant a new trial.

*Judgment affirmed. All the Justices concurring.*

Submitted March 2, — Decided March 27, 1901.

Certiorari.  Before Judge Russell.  Gwinnett superior court. August 4, 1900.

*T. M. Peeples*, for plaintiff in error.  *W. E. Simmons*, contra.