## WHITLEY v. FOSTER.

1. A motion to dismiss a claim to real estate, interposed to prevent the sale thereof under execution, on the ground that the agent who made the claim affidavit and executed the bond on behalf of the principal also signed it individually as surety, was without merit, and the judge did not commit error by overruling the same.
2. Where the entry of a levy on land showed that the defendants in fi. fa. were not in possession, but that the husband of the claimant was so, and there was no evidence to prove that the defendants in fi. fa. had been in possession at any time after the rendition of the judgment, the burden of proof rested upon the plaintiff in execution.
3. Under the evidence there was no error in directing a verdict in favor of the claimant.

Argued July 22, 1908.—Decided February 11, 1909.

Claim.  Before Judge Edwards.  Douglas superior court.  November 29, 1907.

An execution dated the 15th of January, 1894, in favor of J. S. James against J. W. Brown and T. R. Whitley, administrators of E. R. Whitley, deceased, which was transferred to T. R. Whitley, was levied on a certain lot of land on March 6, 1907 (the judgment from which the same had issued having been kept alive by entries which were duly recorded).  J. E. Foster, as agent for his wife, Mrs. L. F. Foster, interposed a claim.  He made the claim affidavit as her agent, and signed the claim bond

with the name of the principal by him as agent, and with his own name as security. On the trial it was shown that E. R. Whitley had been in possession of the property before his death. He made a deed in 1877, conveying 2½ acres, which formed a part of the general tract, to certain persons as trustees of Holly Springs school, providing in the habendum clause that it was to be held by them and their successors "so long as held for school purposes. When said property is not held for said purposes, to revert back to said E. R. Whitley. The said Whitley warrants the title of said trustees so long as the same may be held for school purposes." After the death of Whitley his administrators executed a deed to W. L. Camp, conveying the entire tract of land without making any exception of the 2½ acres which had previously been carved out of it and conveyed by E. R. Whitley to the trustees of the school. This deed recited that it was made by virtue of an order of the court of ordinary, granted at the November term, 1879, of that court, and that the sale was made on the first Tuesday in January, 1880. Camp made to J. W. Brown a deed dated November 16, 1882, conveying the general tract, but excepting therefrom 2 acres more or less on which the Holly Springs schoolhouse was situated. An ejectment suit in the name of John Doe on the demise of George R. Gilmer, Governor, and others, against Richard Roe, casual ejector, and J. W. Brown, tenant in possession, was brought in the superior court of Douglas county, and resulted in a verdict, which the parol evidence showed to have been a consent verdict, finding that the land should be sold by a commissioner, and that the proceeds, after payment of expenses, should be paid one half to the plaintiff and the other half to the defendant. The verdict of the jury, which was adopted as the decree of the court, contained this clause in regard to the school property: "We further find and decree that the schoolhouse and one acre of ground whereon it is situated shall not be conveyed by this sale, but the same shall be and remain forever in fee the property of said school." Under this decree W. T. Roberts sold the land and made a deed to Mrs. V. A. Brown, excepting from the general tract 20 acres more or less, which appeared to have been previously sold to another person, and also the schoolhouse and one acre of land whereon it was situated. Mrs. V. A. Brown executed a deed to J. E. Foster, dated December 4, 1899, conveying the

3

general tract, "except 2 acres more or less on which Holly Springs schoolhouse is situated." J. E. Foster executed to his wife, Mrs. L. F. Foster, the present defendant, a deed dated December 1, 1902, conveying the general tract, but making no exception as to the school property. In this deed it was recited that the money which Foster had paid for the land belonged to his wife, and that the property was therefore transferred to her. There was no evidence that E. R. Whitley or his representatives had ever been in possession of the land after its conveyance by him to the school trustees, or that they had any title or claim in respect thereto, except as may appear from what is stated above. Evidence was introduced to show, that the property conveyed to the school trustees had not been used for school purposes for 12 or 14 years; that Mrs. Brown put Foster and his wife in possession of the tract levied on, and that they held possession about ten years before the levy, he acting as her agent. Some evidence was introduced to show that Foster admitted that neither he nor his wife had any title or claim to the land known as the school property, and on cross-examination Foster said that when they bought the land from Mrs. Brown something was said about excepting the schoolhouse, and they knew it was excepted, that they knew they did not have any title to the land, and that they had been told that it went back to the original tract. Mrs. Foster testified, that she supposed that she had been in possession of the two acres for about 10 years; that no one had interfered with her possession since she had been there; that they had been running machinery in the schoolhouse; that "we have taken it all off principally; of course, we thought it was ours; think so yet." The fi. fa. was first levied upon two acres known as the school property, and was subsequently levied on the entire land lot, which included the school property, except a part of such land lot which lay on the east side of the Campbellton road, "containing 202½ acres more or less, now in possession of J. E. Foster." After this second levy the claim was interposed to the entire tract as described in the second levy. The court directed a verdict in favor of the claimant, and the transferee of the fi. fa. excepted.

*J. S. James,* for plaintiff. *Roberts & Hutcheson,* contra.

ATKINSON, J. 1. On the call of the case counsel for plaintiff in error moved to dismiss the claim, "because Mrs. Foster's name,

the claimant, was signed to the claim bond by J. E. Foster as agent, and J. E. Foster signed the bond as security. It was insisted by plaintiff's counsel that this amounted in law to no legal bond; that the agent of Mrs. Foster could not become security, and the claim should be dismissed." The motion was overruled. This motion did not raise any question as to the authority of Foster to sign the bond as agent for his wife, but made objection to it solely on the ground that an agent who executed the bond for his principal could not also individually become the surety thereon. We know of no law that prevents this from being done, and none has been cited to us.

2. It appeared from the sheriff's entry of levy that J. E. Foster was in possession of the property when the levy was made. Counsel for plaintiff in fi. fa. contended that the burden of proof rested upon the claimant; that she must show title or prima facie evidence of title before the plaintiff was required to proceed. The court held that the burden of proof was upon the plaintiff in execution, and this was assigned as error. This ruling was correct. The Civil Code, §4624, declares, that, "upon the trial of all claims provided for in this chapter, the burden of proof shall lie upon the plaintiff in execution in all cases where the property levied on is, at the time of such levy, not in possession of the defendant in execution." It has been held that possession by the defendant in execution at a time subsequent to the date of the judgment casts the onus. The sheriff's entry showed that the defendants in fi. fa. were not in possession at the time of the levy, but that the husband of the claimant was so. The burden of proof rested upon the plaintiff.

3. As the burden of proof rested upon the plaintiff in execution, and he failed to carry such burden by proving either title or possession in the defendants in fi. fa. after the rendition of the judgment, he could not subject the land. The claimant was in possession and had been so for a number of years, claiming the land as hers. Whether her title was perfect or not, inasmuch as the plaintiff in fi. fa. himself not only failed to make out a prima facie case, but introduced in evidence a deed which showed the title out of the defendants in fi. fa. before the rendition of the judgment, she was entitled to a verdict as against him. This in no way conflicts with the rule that when a plaintiff in fi. fa.

has made out a prim facie case a claimant can not defeat it
by merely showing outstanding title in a third party. Whether
the provision in the deed from E. R. Whitley to the trustees of
the school should be treated as a limitation or as a condition
subsequent need not be discussed. But on the general subject
see *Atlanta Street Ry. Co.* v. *Jackson,* 108 *Ga.* 634 (34 S. E. 184);
*Wadley Lumber Co.* v. *Lott,* 130 *Ga.* 135 (60 S. E. 836). As
appears from the evidence in the bill of exceptions, the admin-
istrators of Whitley sold the entire tract to Camp without any
reservation. If there was a reversionary interest in the school
lot remaining in the estate, it was also conveyed to Camp. Thus
there was no evidence of title or possession in the estate at the
time of the judgment, or at any time thereafter, which authorized
the subjection of the land to the fi. fa., while the claimant showed
possession and claim thereto. As to the remainder of the land
besides the school lot there appears to be no controversy under
the evidence as to the right of the claimant. Under these facts
there was no error in directing a verdict in favor of the claimant.

*Judgment affirmed. All the Justices concur.*