## HIGHTOWER et al. v. HIGHTOWER.

1. Entries of levy held not void for want of sufficient description of the land levied on. An exception complaining of the admission of an entry of levy, on the ground that the levy was excessive, but not stating any facts showing that it was excessive, is without merit.

2. It was not error to admit in evidence a sheriff's deed over the objections that the fi. fa. under which the levy was made and on which the deed was based contained no sufficient description of the land, and that "it appears that the deed is based on an excessive levy and is void, the evidence showing that the value of the land was so greatly in excess of the fi. fa., and that the same could be subdivided, that the levy is excessive."

3, 4. A return of appraisers setting apart to a widow and minor children, as a year's support, "210 acres of land on the east side of the Oconee river in the 52 district G. M., Laurens County, Georgia," and the ordinary's order making the return the judgment of his court, and testimony of the widow that the 210 acres referred to was all the land the decedent owned that she knew anything about, were admissible over objection that there was no adequate and sufficient description of the land to convey title, and that the year's support was void for that reason.

5, 6. A deed from the widow, conveying the land so set apart, and a deed from her grantee to the defendant, were admissible over the objection that the year's support was void and conveyed no title to her.

7. A receipt for $100 as part payment for the land, issued by the widow to the defendant's agent, was not irrelevant and immaterial.

8. The sheriff's testimony, that he did not think he could have sold part of the 210 acres levied on without damaging the whole tract, was not subject to be excluded on the objection that the question, where an excessive levy is claimed, is whether the tract could be so subdivided that a fraction of it would bring the amount of the fi. fa.

9. The verdict directed was supported by the evidence; and there was no assignment of error on such direction as illegal because of issues of fact that should have been submitted to the jury.

No. 4213. · February 19, 1925.

49

Ejectment.  Before Judge Kent.  Laurens superior court.  January 31, 1924.

*Roger D. Flynt,* for plaintiffs.

*S. P. New, T. E. Hightower,* and *R. Earl Camp,* for defendant.

ATKINSON, J.  On October 4, 1920, ejectment was instituted on the demise of J. E. Hightower Jr. and W. B. Hightower against Mrs. Alice G. Hightower as tenant in possession, for the recovery of described land and mesne profits.  The petition contained two demises, one in the name of J. E. Hightower Jr., and the other in the name of W. B. Hightower, in each of which it was alleged that the eviction was on April 30, 1906.  The defendant filed the usual plea of not guilty, and did not specially plead any claim of prescriptive title.  On the trial it was admitted that plaintiffs and defendant claimed to have derived title through J. E. Hightower Sr., who died in 1898 while in possession of the land.  There was evidence tending to show that J. E. Hightower Jr. was born in 1894, and W. B. Hightower was born in 1897; that they claimed as heirs at law of J. E. Hightower Sr., and one of them claimed as a purchaser from the widow of J. E. Hightower Sr.; that there were four other heirs of J. E. Hightower Sr., who were children by a former marriage; and that there had never been any administration upon his estate, nor were there any unpaid debts of the estate.  On the other hand there was evidence tending to show, that the land was sold for taxes on April 6, 1897, and purchased by the defendant, who received a deed from the sheriff; that after such sale the defendant went into possession under the deed and so remained continuously up to the time of the commencement of the suit; that during the time of such possession the property was set apart to the widow and minor children of the deceased as a year's support; that subsequently the widow sold the land to J. E. Hightower and made to him a deed which recited that the property was sold for the support and education of the minor children; and that subsequently the defendant, without yielding possession, purchased the property from J. E. Hightower.  At the conclusion of the evidence offered by both sides the judge directed a verdict for the defendant.  The plaintiffs made a motion for new trial, based on the usual general grounds and certain grounds which related to rulings as to the admissibility of evidence.  No complaint was made that the judge improperly directed a verdict for the specific reason that there were

issues which should have been submitted to the jury. The motion for new trial was overruled, and the plaintiffs excepted.

1. In the third ground of the motion for new trial it was alleged that the court erred in admitting, over objection of movants, the following evidence: "Tax execution of John Wilkes, T. C., against Jas. E. Hightower, for the sum of thirty-six and 36/100 dollars, being for taxes for the year 1896, with the following entries: bounded on the west by Oconee river, south by Zenobia Hightower, north and east by J. M. Reinhart land, 210 acres, more or less, 52 dist. G. M. The above entries in pencil, and the following entry just below the above in ink: Georgia, Laurens County. I have this day levied the within fi. fa. on 210 acres of land, more or less; levied on for the tax and costs for 1896. Levied as property of Jas. E. Hightower in favor of John Wilkes, T. C. This March 8th, 1897. O. H. Pope, Const. Also the following entry on said fi. fa.: Georgia, Laurens County. The property described in the within levy sold to Alice G. Hightower, she being the highest and best bidder, for forty dollars; after payment of cost of fi. fa. $1.00, levy 35 cents, advertising fee $3.96, com's on sale $2.00, leave a balance as a credit of $32.69 balance due on fi. fa. Paid by purchaser April 6th, 1887. W. J. Joiner, Sheriff." The objections urged to the admission of this evidence were: "Because there is no description by which the land can be identified; because it does not describe the land on which the levy is made with any degree of accuracy; because on the face of the fi. fa. and from the other evidence in the case it appears that the levy was excessive." The entries on the fi. fa., written in pencil and ink, the latter signed by O. H. Pope, constable, purporting to make a levy of the fi. fa., are prima facie one paper, and, considered as one, show a levy that was not void on the ground that the land was not sufficiently described therein. A ground of a motion for new trial should be complete within itself; and where such ground complains of the admission in evidence of a levy entered upon a fi. fa., on the ground that the levy is excessive, and there are no facts stated in such ground showing that it is excessive, the ground of the motion is without merit.

2. In the fourth ground of the motion for new trial complaint is made that the court erred in admitting, over movants' objection, the following evidence: "Deed from W. J. Joiner, sheriff of

Laurens County, to Mrs. A. G. Hightower, based on tax fi. fa. for $36.60, above mentioned, said deed dated May 5, 1897, and recorded in deed book 6, pages 273 and 274, and purporting to convey 210 acres of land, more or less, in the 52nd district G. M. of Laurens County, bounded on the west by the Oconee river; south by lands of Zenobia Hightower, north and east by lands of J. M. Reinhart. Consideration, $40.00." The grounds of objection urged to the admissibility of the evidence were: "Because the fi. fa. under which the levy was made and on which said deed is based contains no sufficient description of the land, the levy does not show an adequate and legal description; because it appears that the deed is based on an excessive levy and is void, the evidence showing that the value of the land levied on was so greatly in excess of the fi. fa., and that same could be subdivided, that the levy is excessive." In the light of the ruling made in the preceding note, the court did not err, in so far as the exception was sufficient to present any question for decision, in admitting the evidence over the objections that were urged against its admission.

3. The ninth ground of the motion for new trial complains of the refusal of the court to rule out testimony delivered by the widow on cross-examination; viz.: "I guess that is the 210 acres described in the suit. I think that is all the land J. E. Hightower had at the time of his death. This was all the 210 acres he owned that I know anything about." The motion to rule out the evidence was upon the ground that there was no sufficient description in the year's support proceeding to admit evidence for the purpose of more fully describing the property. The description given in the year's support proceeding mentioned in the next succeeding paragraph, and as will appear from the ruling there made, was sufficient when aided by the testimony above quoted. In the circumstances the court did not err in refusing to rule out the evidence.

4. The fifth ground of the motion for new trial complains of the admission, over movants' objection, of the following evidence: "Year's support proceedings and certified copy of same, dated January 20, 1906, showing return of appraisers, and judgment of the court of ordinary purporting to set apart to the widow and minor children of J. E. Hightower, deceased, the following: '210 acres of land on the east side of the Oconee river in the 52 district G. M., Laurens County, Georgia.' The order of the ordinary making

the return of appraisers the judgment of the court, taken at the regular March term, 1906." The objections urged to the admission of this evidence were: "Because the lands mentioned in the year's support are not sufficiently described, and there is no adequate and sufficient description in the return of the appraisers to convey title; because of the lack of description no lands are set aside, and the year's support is void." Unaided, the description of the land in the return of the appraisers and the order setting it apart as a year's support might be insufficient. *McSwain* v. *Ricketson,* 129 *Ga.* 176 (58 S. E. 655); *Blackwell* v. *Partridge,* 156 *Ga.* 119 (2) (118 S. E. 739). But the description could be aided by extrinsic evidence. *Hancock* v. *King,* 133 *Ga.* 734 (66 S. E. 949). On the cross-examination of the widow for whom the year's support was set apart she testified: "I guess that is the 210 acres described in the suit. I think that was all the land J. E. Hightower had at the time of his death. This was all the 210 acres that he owned that I know anything about." By the aid of this extrinsic evidence the land referred to by the appraisers in setting apart a year's support was the whole of the 210 acres of land owned by the deceased at the time of his death, on the east side of the Oconee river in the 52d militia district in Laurens County, Georgia. Thus aided the return of the appraisers was valid, and the court did not err in admitting it in evidence.

5. The sixth ground of the motion for new trial complains of the admission, over movants' objection, of a deed from the widow of J. E. Hightower Sr., purporting to convey to T. E. Hightower the land so set apart as a year's support, the ground of objection being that no title is shown in the grantor, and consequently she could convey none; that the order setting apart the year's support was void, and consequently did not convey title to the widow. The deed was a link in the defendant's chain of title, and does not appear to be void on its face. In the circumstances the court did not err in admitting the evidence over the objections.

6. The seventh ground of the motion for new trial complains of the admission, over movants' objection, of a deed from T. E. Hightower to Mrs. A. G. Hightower, the defendant, the objection being that no title was shown in T. E. Hightower, and consequently he could not convey any title and his deed was incompetent evidence.

This was also a link in the defendant's chain of title, and the court did not err in admitting the evidence over this objection.

7. The eighth ground of the motion for new trial complains of the admission, over movants' objection, of a receipt for $100 as part payment on the land, issued by the widow to the agent of the defendant. The objection urged to the admissibility of the evidence was that it was irrelevant and immaterial. The receipt was admitted in connection with other evidence tending to show that the amount receipted for was a part of the purchase-price of the property. The court did not err in admitting this evidence over the objection urged against it.

8. The second ground of the motion for new trial complains of the admission in evidence, over movants' objection, of the following testimony of a named witness: "I don't think I could have sold part of it [210 acres of land levied on under tax fi. fa., and claimed to be the same land as land sued for] without doing damage to the whole tract." The objection urged to the admission of the evidence was: "That the same is illegal and not competent evidence; the question, where an excessive levy is claimed, not being whether the whole tract would be damaged by cutting off a part of same to satisfy the fi. fa. but whether the whole tract could be so subdivided as that a fraction of same would bring the amount of the fi. fa." It was not error to admit this evidence over the objection.

9. The first special ground of the motion for new trial was: "Because upon the trial of said case the court erred in the following points and particulars. What happened is as follows: After the introduction of evidence by the plaintiff and by the defendant the court directed a verdict in favor of the defendant, which said ruling and order of the court in directing the verdict as aforesaid was contrary to law, contrary to evidence, contrary to the weight of evidence, and without evidence to support it, and contrary to the principles of justice and equity." The evidence was sufficient to support the verdict. There being no complaint in the motion for new trial that the judge erred in directing a verdict because under the pleadings and evidence there were issues of fact that should have been submitted to the jury, no ruling will be made on any such question. There being evidence sufficient to support the verdict, no sufficient cause is shown for a reversal of the judgment refusing a new trial on any of the grounds taken.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*