## GILLIARD v. JOHNSTON & MILLER.

ATKINSON, J. The original grounds of the motion for new trial stated that the verdict was contrary to the evidence and without evidence to support it, decidedly and strongly against the weight of evidence, and contrary to law and the principles of justice and equity. The amendment to the motion for new trial alleged that upon the conclusion of the evidence for both sides the court directed a verdict for the plaintiffs, finding the property subject for a stated amount; and that "to the action of the court in directing said verdict . . the movant excepted, and now excepts and says the same was error . . (1st) Because the same was contrary to law. (2nd) . . was contrary to the evidence, and unauthorized by the evidence. (3rd) . . the recovery had was in excess of plaintiff's claim. (4th) . . the same was not authorized by the pleadings, the law or the evidence. (5th) . . the evidence discloses the undisputed facts [then follow subparagraphs designated by the letters *a* to *n* inclusive, containing separate statements of facts.]" Ground five of the above amendment to the motion for new trial was followed by the words: "Wherefore, it is prayed that the amendment be approved and allowed." *Held:*

1. The several grounds of the motion for new trial state in different forms that the verdict was contrary to law and without evidence to support it, and none of them raise the point that the direction of the verdict was erroneous because there were questions of fact that should have been submitted to the jury; therefore no such question is presented for decision. *Hightower* v. *Hightower*, 159 *Ga.* 769 (9) (127 S. E. 103).

2. A deed to land executed to secure a debt under the provisions of the Civil Code (1910), § 3306, will vest legal title to the land in the grantee and his assigns, subject to be defeated by payment of the debt. *Citizens Bank of Moultrie* v. *Taylor*, 155 *Ga.* 416 (117 S. E. 247). A transferee of the grantee named in the security deed occupies the position of such grantee as against the grantor and those claiming under him.

3. The grantee in the security deed having the right to assign the legal title, as ruled in the preceding note, it follows that he can assign his interest for the lesser purpose of securing his debt, or mortgage it for his debt. See *Parrott* v. *Baker*, 82 *Ga.* 364 (3) (9 S. E. 1068). The right of the mortgagee will be defeated by the payment of the secured debt, either by the vendor or his assignee. Civil Code (1910), § 3310. *Parrott* v. *Baker*, supra.

4. Where a mortgagee of a transferee of the vendee named in the security deed forecloses his mortgage and causes execution based on the judgment of foreclosure to be levied on the mortgaged land, he may file an amendment in aid of his levy, for the purpose of subjecting the interest of such transferee in the land to the payment of the mortgage. The judge did not err in allowing the equitable amendment, as against a general demurrer.

5. Where an execution issued on the foreclosure of a mortgage executed by a transferee of the grantee in a security deed is levied on the mortgaged land as the property of such transferee while he is in possession, and a claim is interposed by the sole heir at law of the grantor in the

2

security deed, since deceased, the burden would rest upon the claimant to show the payment in full of the secured debt, in order to wholly defeat the plaintiff in the mortgage fi. fa.

6. Where the claimant undertakes to show that such transferee of the vendee had been in possession and received the rents and profits of the land, but fails to show that they were sufficient to pay the secured debt in full, and the trial judge, upon the hearing of the claim under an equitable amendment filed by the plaintiff in aid of his levy, directs a verdict finding the property subject to the amount of a named sum which does not exceed the difference between the principal and interest due in the security deed and the amount of the rents received by the transferee of the vendee in the security deed, such direction of a verdict is not erroneous.     *Judgment affirmed. All the Justices concur.*

No. 4559. September 16, 1925.

Claim. Before Judge Yeomans. Terrell superior court. October 2, 1924.

*H. A. Wilkinson,* for plaintiff in error.    *M. C. Edwards,* contra.