16998.  MORRIS-FORRESTER OIL COMPANY *v.* WHITE
EAGLE OIL AND REFINING COMPANY.

BROYLES, C. J.   1. The admission of the documentary evidence, complained
of in the amendment to the motion for a new trial, was not error.

2. Ground 2 of the amendment to the motion for a new trial, complaining
of the direction of a verdict in favor of the plaintiff, is defective, in
that it gives no reason why such direction was erroneous.  Under re-
peated rulings of the Supreme Court and of this court, a ground of a
motion for new trial must be complete and understandable within itself.
This ground, to be complete and understandable within itself, should
have stated wherein the court erred in directing the verdict.

3. There is no merit in the remaining special ground of the motion for a
new trial, complaining of the refusal of the court to direct a verdict for
the defendant.  The refusal to direct a verdict is never error.

4. The verdict was authorized by the evidence and the denial of the motion
for a new trial was not error.

            *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

       DECIDED MARCH 3, 1926.  REHEARING DENIED APRIL 14, 1926.

Garnishment; from city court of Atlanta—Judge Reid.   Octo-
ber 17, 1925.

Application for certiorari was made to the Supreme Court.

*Parker & Patterson, J. Caleb Clarke,* for plaintiff in error.

*Jones, Evins, Moore & Powers,* contra.

                 ON MOTION FOR REHEARING.

BROYLES, C. J.   In their motion for a rehearing counsel for the
plaintiff in error contend that this court, in ruling that the ground
of the motion for a new trial, complaining of the direction of a
verdict in favor of the defendant in error, was too incomplete and
defective to be considered, in that it gave no reason why such
direction was erroneous, overlooked the decisions of the Supreme
Court and of this court which hold that an assignment of error
complaining merely of the direction of a verdict is sufficient, and
means that the evidence adduced in the trial did not under the law
demand the verdict directed.   Those decisions were not over-
looked, but, as they refer to assignments of error in *bills of excep-
tions,* they are not controlling upon the question whether *a ground
of a motion for a new trial* is complete and understandable within
itself.   In this case the ground in question does not show what
issues were raised in the pleadings, whether there were controversies

---

Appeal and Error, 3 C. J. p. 967, n. 42; p. 979, n. 64; 4 C. J. p. 1023,
n. 46.

Trial, 38 Cyc. p. 1593, n. 71.

about the facts of the case, or whether the questions were purely ones of law. The ground, therefore, failed to· show whether the alleged error in directing the verdict was an error of law or of fact. Even in a bill of exceptions, where the case was heard on pleadings which did not disclose upon what issues it was tried and disposed of, an exception which alleges merely that the court erred in directing a verdict for one of the parties is not sufficient. *Turner* v. *Alexander,* 112 *Ga.* 820 (38 S. E. 35) ; *Howell* v. *Pennington,* 118 *Ga.* 497 (1) (45 S. E. 272).      *Motion denied.*