### THOMPSON *v.* VANDERBILT *et al.,* receivers.

1. A ground of a motion for new trial, alleging that the verdict is contrary to the evidence and to the law does not present the point that the court's direction of the verdict was error because questions of fact should have been submitted to the jury.

2. Recital, in entry of levy, that defendant was in possession of the property at time of levy makes a prima facie case on issue raised by claim interposed.

3. There being no evidence explaining the possession of the defendant in execution at time of levy, or to rebut the prima facie case of the plaintiffs, the verdict that the property was subject to the levy was authorized; even conceding that the plaintiffs in execution, being strangers to the title, could not attack as excessive or invalid a levy and sale for taxes whereunder a deed to the claimant was made and recorded.

No. 6186. MARCH 14, 1928.

Claim. Before Judge Camp. Emanuel superior court. July 23, 1927.

*Alfred Herrington Jr.,* for plaintiff in error.
*Price, Spivey & Edenfield,* contra.

ATKINSON, J. G. J. Thompson sold described realty to A. L. Anderson, for which the latter paid the agreed price of $1890, which was the fair market value. The land was levied on as the property of Anderson for State and county taxes for the year 1921, amounting to $49.35, and was sold at sheriff's sale on May 2, 1922,

Appeal and Error, 3 C. J. p. 967, n. 42.
Executions, 23 C. J. p. 602, n. 27; p. 604, n. 58.

for $69.45, to the wife of G. J. Thompson, to whom a deed was duly made and recorded. In the following year G. J. Thompson purchased from the Virginia-Carolina Chemical Company fertilizers with which to make a crop on the land, for which he gave his promissory note. The receivers of the Virginia-Carolina Chemical Company obtained a judgment on the note against G. J. Thompson, December 11, 1925, upon which a fi. fa. was duly issued. The fi. fa. was levied upon the land as the property of the defendant in fi. fa., the entry of levy stating that the defendant was in possession. Mrs. G. J. Thompson interposed a statutory claim. On the trial the uncontradicted evidence admitted without objection was substantially as indicated above. The judge directed a verdict finding the property subject. The claimant's motion for a new trial was refused, and she excepted.

1. The several grounds of the motion for new trial state that the verdict was contrary to the evidence, against the weight of the evidence, and contrary to the law and the principles of equity and justice. None of them raised the point that the direction of the verdict was erroneous because there were questions of fact that should have been submitted to the jury. Therefore no such question was presented for decision. *Hightower* v. *Hightower,* 159 *Ga.* 769 (9) (127 S. E. 103) ; *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434) ; *Alley* v. *Candler,* 155 *Ga.* 739 (118 S. E. 354) ; *Tyson* v. *Anderson,* 164 *Ga.* 673, 677 (139 S. E. 410) ; *Kerce* v. *Davis,* 165 *Ga.* 168 (140 S. E. 287).

2. "Upon the trial of all claims provided for in this chapter, the burden of proof shall lie upon the plaintiff in execution in all cases where the property levied on is, at the time of such levy, not in possession of the defendant in execution." Civil Code (1910), § 5170. Where the entry of levy recites that the defendant in execution was in possession of the property at the time of the levy, such recital is prima facie evidence of the fact, and on the trial of a statutory claim will be sufficient to make out a prima facie case for the plaintiff. *Burt* v. *Rubley,* 113 *Ga.* 1144 (39 S. E. 409) ; *Whitley* v. *Foster,* 132 *Ga.* 32, 35 (63 S. E. 698) ; *Crowell* v. *Akin,* 152 *Ga.* 126, 133 (108 S. E. 791, 19 A. L. R. 51).

3. There was no evidence to explain the possession of the defendant in fi. fa. at the time of the levy, and consequently no evidence to rebut the prima facie case made by the plaintiffs. The

evidence therefore was sufficient to support the verdict finding the property subject. And as no complaint is made of the verdict on the ground that issues of fact were presented which should have been submitted to the jury, the judgment refusing a new trial will be affirmed.

4. It is urged that the judgment is erroneous, because, under application of the principle ruled in *McArthur* v. *Peacock,* 93 *Ga.* 715 (20 S. E. 215), the plaintiffs were mere strangers to the title at the time of the tax sale at which the claimant became purchaser of the property, and consequently had no such interest as would authorize them to attack that sale on the ground that the levy was excessive. If it be conceded that the plaintiffs in fi. fa. could not raise a question as to excessiveness of the levy or even that the tax sale was invalid, that would still leave unexplained the possession of the defendant in fi. fa. at the time of the levy, and would fail to rebut the plaintiffs' prima facie case.

*Judgment affirmed. All the Justices concur.*