19960. COLEMAN *v.* STATESBORO BUICK COMPANY.

BELL, J. 1. A statement in a motion for a new trial filed by the defendant, that after all the evidence had been introduced on both sides the court directed a verdict for the plaintiff, and that the ruling of the court directing such verdict "movant assigns as error and says that

the court erred in directing said verdict, as being contrary to law," does not raise the point that under the pleadings and the evidence the verdict was not demanded, and is insufficient to constitute a valid exception to the direction of the verdict. *Hightower* v. *Hightower*, 159 *Ga.* 769 (9) (127 S. E. 103); *Gilliard* v. *Johnston*, 161 *Ga.* 17 (129 S. E. 434); *Kerce* v. *Davis*, 165 *Ga.* 168 (140 S. E. 287); *Shippen Hardwood Lumber Co.* v. *Johnson*, 168 *Ga.* 112 (147 S. E. 115).

2. "Where complaint is made in a motion for a new trial that a named witness for the plaintiff was not permitted to testify to certain facts, and in the brief of evidence it appears that the witness did testify to such facts, and both the motion for a new trial and the brief of evidence are duly approved by the presiding judge, this court can not hold that the brief of evidence is incorrect, but must reconcile the two statements on the theory that, while at one time the court made the ruling stated in the motion for a new trial, at some stage of the examination the testimony was admitted. Under such facts the ruling will not require a new trial, even if the evidence was admissible." *Kent* v. *Central of Georgia Ry. Co.*, 144 *Ga.* 7 (85 S. E. 1017); *Jenkins* v. *Boone*, 144 *Ga.* 44 (85 S. E. 1042).

3. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J. and Stephens, J. concur.*

DECIDED APRIL 21, 1930.

*Anderson & Jones,* for plaintiff in error.   *Hinton Booth,* contra.