704

STANALAND, administratrix, *v.* HORNE.

No. 8022.   MAY 14, 1931.

**710**

*P. C. Andrews* and *S. P. Cain,* for plaintiff.

*Clifford E. Hay,* for defendant.

HILL, J. (After stating the foregoing facts). This is the second time this case has been in this court. *Stanaland* v. *Horne,* 165 *Ga.* 685 (supra). When the case was here before it was held, among other things: "Under the allegations in the petition and the amendments relating to the title to the property, the plaintiff would be entitled to recover upon proof establishing the allegations, unless, by competent evidence, the defendant shows title by prescription in himself." On retrial the verdict was in favor of the defendant. In the view we take of this case the verdict was demanded by the evidence, and the alleged errors complained of are immaterial. The record shows the following facts: In 1886 the plaintiff's intestate inherited certain land from her father, which her husband, A. J. Stanaland, sold, disposing of the proceeds about twenty-five years before the present action was brought. The alleged consideration for the title she now claims is the fact that her husband owes her for the land she inherited from her father. On January 11, 1911, the Georgia Land & Timber Co. conveyed the land in question to the husband of plaintiff's intestate, A. J. Stanaland, and C. H. Ferguson. In October, 1911, A. J. Stanaland executed certain notes to F. M. Shore for the sum of $2500. In August, 1914, Shore brought suit against Stanaland on the notes. In January, 1915, Shore obtained a judgment against Stanaland for $2500 principal, $625 interest, and $312.70 attorney's fees, aggregating $3439.70, besides costs. In April, 1915, a fi. fa. was issued upon the judgment and was entered on the general execution docket. In May, 1915, this fi. fa. was levied upon the land in question, but the sheriff's entry erroneously designated the land as the east half instead of the north half of the lot of land levied upon. The foregoing levy having been dismissed on account of the error in description, the execution was relevied in September, 1915, the second entry of levy by the sheriff correctly describing the land. The entry recited that the property was found "in the possession of . . A. J. Stanaland, defendant in fi. fa." On November 2,

1915, Shore became the purchaser of the land in question at sheriff's sale under his fi. fa. In 1915 A. J. Stanaland conveyed his half interest in the land to C. H. Ferguson, according to paragraph 7 of plaintiff's petition; but according to the defendant's answer and Ferguson's testimony, the conveyance put the entire title in A. J. Stanaland. A. J. Stanaland testified: "I conveyed my interest in that tract of land. Sometime in the spring or summer of 1914 I made a deed with reference to this tract of land to Dr. Ferguson. The deed was never recorded." There was no further evidence as to the contents of this deed or its proper execution. Ferguson testified: "I do not recall whether he [Stanaland] made me a deed himself or had the Georgia Land & Timber Co. to convey it to him and me. . . I later conveyed my half interest back to Mr. Stanaland. I never knowingly conveyed my half interest to any one except A. J. Stanaland. . . I do not recall ever having received an absolute deed from A. J. Stanaland to the land in question, and I never claimed anything but a half interest in the land." On November 29, 1915, Shore, holding under his deed from the sheriff, sold the land in controversy to J. W. Horne, who was put in possession by the sheriff, and remained in peaceable and adverse possession until the present action was commenced on May 19, 1923, more than seven years after the possession was so taken. Under the pleadings and the evidence a verdict for the defendant was demanded.

It will be observed that the answer of the defendant avers, and the evidence in support thereof tends to show, that the title to the land in controversy was put into Mattie J. Stanaland, the wife of A. J. Stanaland, for the purpose of hindering, delaying, and defrauding the creditors of A. J. Stanaland. The evidence tends to show that in September, 1915, Ferguson intended to convey his interest in the land to A. J. Stanaland, but in reality he signed a deed conveying the land to Mattie J. Stanaland, not the land sued for, but the whole title to the north half of lot 47 in the 18th district. It is insisted that the deed was intended to convey the north half of lot 40 in the 23d district. The record also shows that on May 20, 1921, Ferguson made a quitclaim deed to Mattie J. Stanaland to any interest or title he may then have had to the land in controversy, reciting that the deed was made to correct an error in the deed of September, 1915. On May 19, 1928, Shore executed

to Horne a deed to correct an error in the previous conveyance of November, 1915. As before stated, the conveyance to Mattie J. Stanaland was attacked for fraud, and such a conveyance places upon the husband and wife the burden of proving that the transaction between them was fair and free from fraud. Civil Code (1910), § 3011; *Garner* v. *Bank,* 150 *Ga.* 6 (102 S. E. 442). And where no explanation is made of proved badges of fraud, a verdict in favor of one attacking the conveyance on the ground of fraud is demanded. See *Thompson* v. *Vanderbilt,* 166 *Ga.* 132 (142 S. E. 665). The plaintiff's failure to record the alleged deed from her husband to her alleged grantor, and there being no evidence as to the contents of the deed, or the fact of its proper execution, leaves it without legal effect. See *Greer* v. *Young,* 113 *Ga.* 120 (38 S. E. 314). Plaintiff also failed to return the property in controversy for taxation. A. J. Stanaland, her husband, also failed to return any property for taxation immediately after judgment was obtained against him. These are badges of fraud. Another badge of fraud is that A. J. Stanaland retained possession of the land, as shown by the entry of the sheriff on the fi. fa., after Stanaland had caused title to be conveyed to his wife, and allowed Shore to become a purchaser at sheriff's sale without notice of any claim on their part, and failed to return the land for taxation for more than seven years. All of these things being unexplained demanded the verdict returned by the jury; and this being so, the several grounds of the amended motion for new trial, complaining of the charge of the court and refusal to charge, and the admission of certain evidence, become immaterial.

*Judgment affirmed.    All the Justices concur.*