22485. DAVIDSON *v.* CITIZENS BANK & TRUST CO.

DECIDED NOVEMBER 19, 1932.

*Terrell & Terrell,* for plaintiff.

*W. Howell Morrow, Lovejoy & Mayer,* for defendant.

PER CURIAM. R. C. Davidson Jr. brought an action against Citizens Bank & Trust Company, alleging that on January 1, 1929, the defendant employed him as its assistant cashier for a period of one year; that on March 1, 1929, the defendant discharged him without cause; and that the defendant was indebted to him in the sum of $1,750, the total amount due him as salary under his contract of employment. The gist of the defendant's answer is that it did not·contract to hire plaintiff for a year; that it had discharged plaintiff as alleged, but that this was not done without legal cause; and that it was not indebted to the plaintiff in any amount.

The bill of exceptions recites that the court directed a verdict for the defendant, but contains no exception to the judgment directing the verdict and assigns no error thereon: the only assignment of error in the bill of exceptions being to the judgment overruling the motion for a new trial. However, the only special ground of the motion for a new trial reads as follows: "Because, after all the evidence for movant and for the defendant had been offered, and after both plaintiff and defendant had closed their case, the court then and there, upon motion of the defendant's counsel, directed a verdict for the defendant against movant and for cost of suit. Whereupon movant then and there excepted and now excepts to the court's direction of .said verdict for defendant and against movant, which action of the court in directing said verdict movant insisted then and there to be error, and now assigns the same as error."

Does the foregoing assignment of error bring in question the legality of the direction of the verdict? "This court has no authority to decide whether the trial court erred in directing a verdict, when there is no specific assignment of error, either pendente lite, in the motion for a new trial, or in the bill of exceptions, made upon such direction." *Cole* v. *Illinois Sewing Machine Co., 7 Ga. App.* 338 (66 S. E. 979). This general rule was applied in *Moody* v. *So. Ry. Co., 14 Ga. App.* 258 (80 S. E. 911). Upon the motion for rehearing in the case of *Morris-Forrester Oil Co.* v. *White Eagle Oil and Refining Co., 35 Ga. App.* 200 (132 S. E. 917), this court differentiated assignments of error in bills of exceptions from assignments of error in motions for new trials. Referring to the former, the court said: "Those decisions were not overlooked, but, as they refer to assignments of error in *bills of exceptions,* they are not controlling upon the question whether *a ground of a motion for a new trial* is complete and understandable within itself. In this case the ground in question does not show what issues were raised in the pleadings, whether there were controversies about the facts of the case, or whether the questions were purely ones of law. The ground, therefore, failed to show whether the alleged error in directing the verdict was an error of law or of fact." The application to the Supreme Court for certiorari in that case was refused. We quote from *Hightower* v. *Hightower, 159 Ga.* 769 (9), 774 (127 S. E. 103), as follows: "The first special ground of the motion for a new trial was: 'Because upon the trial of said case the court erred in the following points and particulars. What happened is as follows: After the introduction of evidence by the plaintiff and by the defendant the court directed a verdict in favor of the defendant, which said ruling and order of the court in directing the verdict as aforesaid was contrary to law, contrary to evidence, contrary to the weight of evidence, and without evidence to support it, and contrary to the principles of justice and equity.' The evidence was sufficient to support the verdict. There being no complaint in the motion for new trial that the judge erred in directing a verdict because under the pleadings and evidence there were issues of fact that should have been submitted to the jury, no ruling will be made on any such question." In *Bosworth* v. *Nelson, 172 Ga.* 612 (158 S. E. 306), the Supreme Court said: "As will be seen, the fourth ground is insufficient to raise the point that

the court erred in directing the verdict, since the movant does not contend or point out that the court erred because there were issues of fact which should have been submitted to a jury and evidence which would have authorized the jury to find a different verdict than that directed by the court. This assignment of error is insufficient to present anything more for the consideration of this court than the usual general ground that the verdict is contrary to the evidence. *Hamlin* v. *Johns,* 166 *Ga.* 880 (144 S. E. 659) and cit." See also *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434); *Coleman* v. *Statesboro Buick Co.,* 41 *Ga. App.* 383 (153 S. E. 93), and the recent case of *Travelers Fire Ins. Co.* v. *Thornton,* 45 *Ga. App.* 203 (164 S. E. 98).

Under the foregoing authorities, we hold that the assignment of error in the case at bar fails to raise the point that the court erred in directing the verdict; and that the only question for determination here is whether or not the trial judge erred in overruling the general grounds of the motion for a new trial.

It appears from the minutes of the bank's directors' meeting, held January 8, 1929, that R. C. Davidson Jr. was duly elected assistant cashier, and that his salary was to be fixed by the president of the bank; but it does not appear that he was elected for a year, or for any other definite period. It appears from undisputed evidence that Davidson's salary was $175 a month. The plaintiff testified that after said directors' meeting Mr. H. C. Sapp, vice-president and cashier of defendant, told him: "We all have been re-elected for 1929. Your salary has been raised." Mr. H. C. Sapp swore: "I recall informing Mr. Davidson about his employment in January, 1929, and of his salary being increased from $166.66 to $175, but I did not say that he had been re-elected, or that his term of office was for any stipulated time. The president usually handles such matters; I didn't." It is also true that the minutes of defendant's directors' meeting held on January 10, 1928, specified no fixed time for plaintiff's term of service. In these circumstances we think that the evidence authorized the conclusion that plaintiff was not employed for a year. Section 3133 of the Civil Code (1910), reads: "That wages are payable at a stipulated period raises the presumption that the hiring is for such period; but if anything in the contract shows that the hiring was for a longer term, the mere reservation of wages for a lesser time

will not control. An indefinite hiring may be terminated at will by either party." See, in this connection, *Allgood* v. *Feckoury*, 36 *Ga. App.* 42 (135 S. E. 314) ; *Odom* v. *Bush*, 125 *Ga.* 184 (53 S. E. 1013).

Though the evidence does not show that the plaintiff's conduct resulted in any direct financial loss of the bank's funds, it does appear that he transacted his duties in a very unbusinesslike and irregular manner, and that the auditor who investigated the defendant's affairs recommended that he be "replaced." Without going further into the seventy-nine page brief of evidence, we will state that we are satisfied that the Citizens Bank & Trust Company had sufficient cause to discharge the plaintiff.

In his brief, counsel for the plaintiff in error based his entire argument upon the premise that the question for decision was whether the court erred in directing the verdict. As indicated above, we conceive the question to be whether there was any evidence to support the verdict. Our conclusion is that the trial judge did not err in overruling the general grounds of the motion for a new trial, and that his judgment so doing must stand.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur. MacIntyre, J., not presiding.*