### 23068. MANNING *v.* GETTYS.

BROYLES, C. J. 1. "An assignment of error complaining that the court erred in directing a verdict is not sufficiently specific to present to this court the question whether the court erred in directing a verdict, unless it is alleged that the court erred in directing the verdict because there were issues of fact which should have been submitted to a jury and evidence introduced which would have authorized a jury to find a different verdict from that directed by the court." *Bosworth* v. *Nelson*, 172 *Ga.* 612 (158 S. E. 306).

2. This case was tried by a jury upon issues of fact, and a verdict in favor of the defendant was directed. The plaintiff, in a direct bill of exceptions, makes the following sole assignment of error: "To this order of the court directing a verdict, and to the verdict of the jury, and the final judgment of the court thereon, the plaintiff then and there excepted, and now excepts and assigns error thereon, and says that the court erred in directing said verdict, and entering judgment thereon, for that the evidence submitted by the plaintiff on all issues raised by the pleadings was legally sufficient to entitle the case to be submitted to the jury, without direction, for its determination of the issues of fact.". This assignment of error measures up to the rule laid down in the *Bosworth* case, supra, and is sufficiently specific to present to this court the question whether the trial court erred in directing the verdict. (BROYLES, C. J., dissents.)

3. The petition as amended shows that the suit was brought against J. M. Gettys "doing business under the trade name of J. M. Gettys Lumber

Company." The fact that upon the trial the undisputed evidence disclosed that the company was a firm or partnership composed of several persons was not sufficient to show a failure by the plaintiff to prove his case as laid. "Where one member of a copartnership converts to its use personal property of a third person, the owner has a right of action, at his option, against the copartnership, or against the individual partner guilty of the act of conversion, to recover the property so converted, or its proved value. . . The undisputed evidence showing that the personal property of the plaintiff had been converted to the use and benefit of the partnership by the individual member who was sued, a verdict directed in favor of the defendant was without evidence to support it, and was contrary to law." *Thompson* v. *Harris*, 7 *Ga. App.* 212 (66 S. E. 629), and cit.; *Zaban* v. *Coleman*, 27 *Ga. App.* 376 (108 S. E. 555). The case of *Myers* v. *Hook*, 11 *Ga. App.* 517 (75 S. E. 833), cited by the defendant in error, is distinguished by its facts from the cases just cited and the instant case.

4. Upon the trial the evidence raised issues of fact which should have been submitted to the jury, and the court erred in directing a verdict for the defendant. *Judgment reversed. MacIntyre and Guerry, JJ., concur.*

BROYLES, C. J., dissents for the reason that the assignment of error on the direction of the verdict was not sufficiently specific to present to this court the question whether the trial court erred in directing the verdict.

DECIDED JANUARY 10, 1934.

*L. A. Whipple,* for plaintiff. *E. L. Stephens,* for defendant.

GUERRY, J., concurring specially. A great deal of confusion has arisen because the reviewing courts in Georgia have decided that they are not authorized to consider the question of the right of a trial court to direct a verdict under the evidence, on the general grounds of a motion for new trial, without a specific assignment of error as to the direction of a verdict. *Dickenson* v. *Stultz*, 120 *Ga.* 632 (48 S. E. 173). In the opinion rendered by Pottle, J., in *Moody* v. *Southern Ry. Co.*, 14 *Ga. App.* 258 (80 S. E. 911), I find the following language: "'This court has no authority to decide whether a trial court erred in directing a verdict, when there is no specific assignment of error, either pendente lite, in the motion for new trial, or in the bill of exceptions, made upon such direction.' See *Cole* v. *Illinois Sewing Machine Co.*, 7 *Ga. App.* 338 (66 S. E. 979), and cases cited. In that case the writer of this opinion, representing as counsel the plaintiff in error, found himself in the same difficulty which confronts counsel for the plaintiff in error in the present case. The writer then insisted that an

assignment of error that 'the verdict was contrary to law and without evidence to support it' was sufficient to require a decision upon the question whether or not the court erred in directing the verdict, because, under the law, a directed verdict was illegal if there was any evidence to support a contrary verdict. Both the Supreme Court and the Court of Appeals have, however, taken a different view of this question of practice; and it is now settled that unless there is a specific assignment of error upon the action of the court in directing the verdict, the verdict must be treated as though it had been returned by a jury without any direction; and if there is any evidence to support it, a judgment overruling a motion for a new trial, based solely on the ground that the verdict is contrary to law and evidence, must be affirmed." In *Phillips* v. *Southern Ry. Co.,* 112 *Ga.* 197 (37 S. E. 418), it was said: "Where a case went to trial on petition and answer, with no objection from either side as to the other's pleadings, and at the close of the evidence the court, on motion of the defendant, directed a verdict in favor of the latter, the following assignment of error in a bill of exceptions, 'plaintiff excepted to said ruling of the court, and now excepts and assigns the same as error,' necessarily means that the court erred in adjudging that the evidence demanded the verdict directed; and, thus interpreted, such assignment of error is sufficiently explicit and distinct." This ruling in the *Phillips* case, supra, was criticized in *Kelly* v. *Strouse,* 116 *Ga.* 872, 897 (43 S. E. 280), as follows: "It will be noted [referring to the *Phillips* case] that this assignment of error does not at all refer to the pleadings. It now seems to us that the assignment of error was in that case given too restricted a meaning. We think the better and the correct rule in such cases is that laid down by Mr. Presiding Justice Lumpkin in *Anderson* v. *Walker,* 114 *Ga.* 505 [40 S. E. 705], where it was ruled that 'an assignment of error upon the direction of a verdict in favor of a plaintiff sufficiently presents for determination the question whether or not, under the pleadings and evidence, that party was entitled to a recovery.'" In *Meeks* v. *Meeks,* 5 *Ga. App.* 394 (63 S. E. 270), Powell, J., said: "The direction of a verdict is such a final judgment as to support a direct bill of exceptions. A simple statement in the bill of exceptions that the plaintiff excepts and assigns the direction of the verdict as error is usually a specific assignment of error, and raises for review the question whether, under the

pleadings and the evidence, the particular verdict directed was demanded as a matter of law." In making assignments of error it becomes very material whether the errors complained of are questions of law or of fact. In *Savannah Trust Co.* v. *National Bank,* 16 *Ga. App.* 706 (86 S. E. 49), it was said: "In the present case there was no conflict in the evidence whatever, and the only issue presented for determination by the court below was altogether one of law. Hence an assignment of error which complains of the direction of a verdict by the court in favor of the defendant, and further complains that such direction was error, presents for our consideration a question of law, which may be determined by an examination of the evidence which the trial court adjudged demanded a verdict in behalf of the defendant." The *sufficiency* of the evidence to sustain a directed verdict will not be considered by a reviewing court upon a direct bill of exceptions. The 'question of the sufficiency of the evidence must be made and passed upon in the court below by a motion for a new trial. The trial judge must rule thereon and approve or disapprove of the verdict before a court of review may decide thereon. It is the ruling of the trial judge on the question of the *sufficiency* of the evidence to support the verdict that gives rise to an assignment of error on the general grounds. The direction of a verdict is improper when a disputed question of fact has been made by the evidence, and only the jury may pass upon such disputed issues if they are made by the evidence. In *Bosworth* v. *Nelson,* 172 *Ga.* 612 (supra), cited in the majority opinion, the case came to the Supreme Court by reason of the overruling of a motion for new trial. It was said in the opinion in that case: "As will be seen, the fourth ground is insufficient to raise the point that the court erred in directing the verdict, since the movant does not contend or point out that the court erred because there were issues of fact which should have been submitted to a jury and evidence which would have authorized the jury to find a different verdict than that directed by the court. This assignment of error is insufficient to present anything more for the consideration of this court than the usual general ground that the verdict is contrary to the evidence." In the present case the plaintiff complained that "the *evidence submitted* [italics mine] by the plaintiff on all the issues raised by the pleadings was *legally sufficient to entitle the case to be submitted to the jury,* without direction, *for*

*its determination of the issues of fact."* (Italics mine.) In my opinion this assignment measures up to the rule laid down in the *Bosworth* case, supra. The question presented is, does the assignment complain that the direction was improper because there were disputed issues of fact which should have been submitted to a jury for its determination. It may be better practice for the plaintiff in error to say in so many words that "the evidence was in conflict and raised issues of fact which could only be determined by the jury," but to my mind it can not be doubted, from the language used, that this is what was being said. The complaint made is not that the verdict is contrary to the evidence and without evidence to support it, but the point is raised that the evidence submitted was legally sufficient to entitle the case to be submitted to a jury for its determination without direction thereon by the trial court. This assignment can mean but one thing: that there is a conflict in the evidence and the jury instead of the court should have passed thereon. A reading of the evidence shows there was such a conflict and I am of the opinion that the court erred in directing a verdict. See, in further support of this opinion, *Beall* v. *Mineral Tone Co.,* 167 *Ga.* 667 (146 S. E. 473); *Shippen Hardwood Lumber Co.* v. *Johnson,* 168 *Ga.* 112 (147 S. E. 115); *Hightower* v. *Hightower,* 159 *Ga.* 769 (127 S. E. 103); *Gilliard* v. *Johnson,* 161 *Ga.* 17 (129 S. E. 434).