25978.   ROBERTS, executrix, *v.* ROBERTS *et al.*

DECIDED MARCH 11, 1937.

*Neely, Marshall & Greene, John D. Humphries Jr., Walter Matthews,* for plaintiff.

*Edwards & Edwards,* for defendants.

GUERRY, J.   In October, 1932, G. M. Roberts, the father, by written contract sold to George W. Roberts, his son, 31 shares of stock in the Haralson County Bank, and G. W. Roberts executed his promissory note for $3100, due October 1, 1935, in payment therefor.   It was agreed that any dividends paid by said bank were to be paid to G. M. Roberts and credited on the note.   G. M. Roberts died, and Mrs. Bertha M. Roberts, as executrix of the will, brought suit in October, 1934, against G. W. Roberts, setting up these facts and attaching copies of the contract and the note.   She prayed for a reformation of the contract, alleging that through a mistake of the scrivener there was omitted from the contract an agreement which was had by the parties that the stock was to be held as collateral for the note.   It was also alleged that the defendant was insolvent, was failing to turn over dividends received on the stock, and was about to transfer and assign the same, and would not be able to respond to a judgment.   There

was a prayer that the stock be impounded, that the defendant be enjoined and restrained from selling, transferring, or disposing of the stock, and that the plaintiff have a judgment on the note.

The defendant in his answer admitted the execution of the note and the contract, and that the transfer was made because the plaintiff's testator, G. M. Roberts, believed the bank would fail, and to avoid an assessment against himself in the event of such failure. He made other denials of the allegations of the petition, and alleged that the note sought to be enforced was executory, and was executed to carry out the scheme of the decedent to escape the liability which rested on him as a stockholder in such bank, and was therefore void and unenforceable at law. The bank did not fail. On a trial of the case the court directed a verdict for the plaintiff in the amount of the note, and granted a decree continuing the injunction. The Supreme Court, in reviewing this judgment (182 *Ga.* 568, 186 S. E. 192), said: "It appearing from the evidence that the transaction upon which this suit was instituted was fraudulent in its inception, and that the petitioner's testator and the defendant were in pari delicto, equity should not interfere, but should leave the parties where it finds them. Code, § 37-112. Accordingly, the court erred in directing a verdict for the petitioner, and in continuing the injunction." When the case went back for trial the plaintiff tendered and had allowed the following amendment: "1. By striking all prayers for equitable relief. 2. Petitioner prays for judgment against the defendant for the value of 31 shares of stock delivered to defendant to and at the sum of $100 per share." The evidence for the plaintiff proved the facts as alleged, and showed that the purpose of the contract and the note was, as alleged in defendant's answer, "to evade assessments as a stockholder in a defunct bank." The bank did not fail, and there was evidence as to the value of the shares. The defendant introduced no evidence, and the court directed a verdict in his favor. To this ruling the plaintiff excepted, averring that it was contrary to law, and that the evidence demanded a verdict in her favor.

A motion was made to dismiss the writ of error on the ground that there was no proper assignment of error. "The direction of a verdict is such a final judgment as to support a direct bill of exceptions. A simple statement in the bill of exceptions that

plaintiff excepts and assigns the direction of the verdict as error is usually a specific assignment of error, and raises for review the question whether, under the pleadings and the evidence, the particular verdict directed was demanded as a matter of law. *Duggan* v. *Monk,* [5 *Ga. App.*] 206 (62 S. E. 1017); *Scarborough* v. *Holder,* 127 *Ga.* 256 (56 S. E. 293); *Howell* v. *Pennington,* 118 *Ga.* 494 (45 S. E. 272)." *Meeks* v. *Meeks,* 5 *Ga. App.* 394 (63 S. E. 270); *Legere* v. *Blakeley Gin Co.,* 11 *Ga. App.* 325 (75 S. E. 163); *Shaw* v. *Guthrie,* 14 *Ga. App.* 303 (80 S. E. 735); *Savannah Trust Co.* v. *National Bank,* 16 *Ga. App.* 706, 718 (86 S. E. 49), and cit. In the case last cited it was said: "In the present case there was no conflict in the evidence whatever, and the only issue presented for determination by the court below was altogether one of law. Hence, an assignment of error which complains of the direction of a verdict by the court in favor of the defendant, and further complains that such direction was error, presents for our consideration a question of law, which may be determined by an examination of the evidence which the trial court adjudged demanded a verdict in behalf of the defendant." See also *Scott Co.* v. *Ward,* 21 *Ga. App.* 535 (94 S. E. 863); *Manning* v. *Gettys,* 48 *Ga. App.* 203 (172 S. E. 571); *Jones* v. *Moore,* 51 *Ga. App.* 716 (181 S. E. 313), and cit.; *Lowry* v. *Thompson,* 53 *Ga. App.* 71 (184 S. E. 891). There was no conflict in the evidence in the present case. The plaintiff introduced the only testimony. If it demanded a verdict for the plaintiff, it was error and contrary to law to direct a verdict for the defendant. The sufficiency of the evidence to support a verdict for either party is not in question. As a matter of law, was the plaintiff entitled to a verdict? If so, it was error to direct a verdict against her. The motion to dismiss is denied.

Under the plaintiff's evidence the transfer of the bank stock was to defraud or delay his creditors. "If two parties confederate for the purpose of defrauding the creditors of one of them, and in pursuance thereof the debtor executes and delivers a deed conveying land to the other, neither law nor equity will help him to cancel such deed or to avoid its effect by showing that it was fraudulent." *Sewell* v. *Norris,* 128 *Ga.* 824 (58 S. E. 637, 13 L. R. A. (N. S.) 1118); *Parrott* v. *Baker,* 82 *Ga.* 364 (4), 373 (9 S. E. 1068). In the present case the Supreme Court has expressly said

that when there is "fraud in its inception," the plaintiff can not prevail. Because of the amendment striking all equitable prayers and merely praying for. a judgment for the value of the bank stock transferred, the plaintiff seeks to avoid the effect of the former ruling of the Supreme Court. The contract, so far as it relates to the transfer of the bank stock to the defendant, was executed, and not executory. In *Clark* v. *Brown, 77 Ga.* 606 (4 Am. St. R. 98), cited by plaintiff in error, it was held that where a principal deposited money with his agent to be used in the purchase of futures in grain, he might, on the theory of money had and received, recover such money if it had not been used and was in the agent's hands. In *Benton* v. *Singleton,* 114 *Ga.* 548 (3) (40 S. E. 811), this principle was again applied as to money not used in dealings between principal and agent, and it was held that an action in assumpsit would lie. In *McAndrew* v. *Taylor,* 15 *Ga. App.* 555 (83 S. E. 967), occurs a complete discussion of the principles here applied. Quoting Clark on Contracts, it was said: "A court will not lend its aid to a party who, as the ground of his claim, must disclose an illegal transaction." This fundamental principle is well established in our decisions. The plaintiff transferred this bank stock to the defendant as a part of a scheme to avoid what was thought would be a bank assessment on such stock. The note given may not be enforced, because it is based on such a transaction. The transfer of stock by father to son does not itself import a sale or an implied contract of the son to pay therefor. If the plaintiff must disclose the illegal transaction to aid his alleged claim that the defendant owes for the stock, he comes within the rule above set forth. The court did not err in directing the verdict in favor of the defendant.

*Judgment affirmed.* *MacIntyre, J., concurs.*

BROYLES, C. J., concurring specially. I concur in the judgment of affirmance, but do not think that the assignment of error upon the direction of the verdict, to wit, that such direction was "contrary to law," and "that the evidence demanded a verdict in favor of the plaintiff, the undisputed evidence disclosing that the plaintiff was entitled to a judgment for the stock in controversy or its value," is sufficient to present the question whether the direction of the verdict was error. See *Gailliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434); *Hightower* v. *Hightower,* 159 *Ga.* 769

460

(9) (127 S. E. 103); *Hamilton National Bank* v. *Robertson,* 177 *Ga.* 734 (2) (171 S. E. 293). Furthermore, "where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable" (*Mackin* v. *Blalock,* 133 *Ga.* 550 (4), 66 S. E. 265, 134 Am. St. R. 220); *Hamilton Bank* v. *Robertson,* supra, and "the sufficiency of the evidence to sustain a verdict will not be considered by this court upon a direct bill of exceptions. The question must be made and passed upon in the court below, by a motion for a new trial." *Bacon* v. *Jones,* 117 *Ga.* 497 (2) (43 S. E. 689), *Mobley* v. *Ellis,* 37 *Ga. App.* 683 (141 S. E. 321). *Hamilton Bank* v. *Robertson,* supra.